COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                          SUPERIOR COURT
                                      C.A. NO.: 

SCOTT MCDONALD            )
       Plaintiff          )
                          )
v.                        )
                          )
S.G. MARINO CRANE SERVICE )
CORPORATION AND WASHINGTON)
GROUP INTERNATIONAL, INC. )
       Defendants         )

## NOTICE OF REMOVAL

The defendant, Washington Group International, Inc. (hereinafter "WGI") through its attorney, Anthony M. Campo, Boyle Morrissey & Campo, P.C., pursuant to 28 U.S.C. §§1441(a) and (b) and 1446, gives notice of removal of this action from the Superior Court of the State of Massachusetts, County of Norfolk, to this Court. In support of its Notice of Removal, WGI states as follows:

**A. Jurisdiction**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and this action may be removed to this Court by WGI pursuant to 28 U.S.C. § 1441(a) and (b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. On or about October 18, 2004, plaintiff, Scott McDonald filed his complaint in the Superior Court of Massachusetts, County of Norfolk,

  against WGI alleging negligence and failure to warn. (The complaint is attached as Exh. A.).

3. On or about January 14, 2005, plaintiff served the Complaint on WGI.

4. Plaintiff, McDonald is an individual residing in Rochester, New Hampshire.

5. Defendant, WGI is a corporation organized and existing under the laws of the state of Ohio and has its principal place of business in Boise, Idaho.

6. There is a complete diversity of citizenship between the parties involved in this cause of action under 28 U.S.C. § 1332(a) because the plaintiff and defendant are now, and were at the time of the commencement of this action, citizens of different states.

7. The amount in controversy is reasonably believed to exceed the sum of $75,000, exclusive of interest and costs. In fact, the cover sheet to the Complaint specifically states that damages are approximately $130,000.00. (See Exh. A).

**B. Notice of Removal is Procedurally Correct**

8. This Notice of Removal is timely as it has been filed within 30 days of service of the Complaint on WGI as required by 28 U.S.C. § 1446(a).

9. WGI was served with plaintiff's Complaint through service on Corporation Service Company on January

14, 2005. (The Service of Process Transmittal Form is attached as Exh. B).

10. Removal of this action is allowable under 28 U.S.C. § 1441(a) and (b).

11. Venue is proper in the united States District Court for Massachusetts under 28 U.S.C. § 1441(a) because the District Court embraces the place in which the removed action has been pending in the Superior Court of Massachusetts, County of Norfolk.

12. Copies of all process, pleadings and orders that have been served upon WGI are attached to this Notice as Exhibits A and B.

13. A copy of this Notice of Removal has been filed in the Superior Court of the state of Massachusetts, County of Norfolk, and served upon plaintiff's counsel.

WHEREFORE, WASHINGTON GROUP INTERNATIONAL, requests that this action be removed to the United States District Court for Massachusetts.

Respectfully Submitted,
WASHINGTON GROUP INTERNATIONAL,
BY ITS ATTORNEY,

DATED: 1/26/05

Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
695 Atlantic Ave.
Boston, MA  02111
(617) 451-2000

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a) and/or Sup. Ct. R. 9A, I, Anthony M. Campo, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

George F. Miller, Esq.
Law Office of George F. Miller, P.C.
53 South Main St.
Randolph, MA 02368

Larry Marino
Marino Crane
P.O. Box 246
Middletown, CT  06457

SIGNED UNDER THE PENALTIES OF PERJURY THIS 27th DAY OF _____, 2005.

Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

# EXHIBIT "A"

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                SUPERIOR COURT
                                            DOCKET NO.:

SCOTT MCDONALD              )
    Plaintiff              )
                           )           COMPLAINT AND
                           )           JURY DEMAND
S. G. MARINO CRANE SERVICE )
CORPORATION AND WASHINGTON )
GROUP INTERNATIONAL, INC., )
    Defendants            )

## PARTIES

1. The Plaintiff, Scott McDonald (hereinafter referred to as "McDonald") is a resident of Rochester, New Hampshire, and at all times material hereto was employed as a security guard for Alliance Security.

2. The Defendant, S.G. Marino Crane Service Corporation, (hereinafter referred to as " S.G. Marino) is a corporation duly organized and existing under the laws of the State of Connecticut with a usual place of business at 25 Mill Street, Middletown, Connecticut.

3. The Defendant, Washington Group International, Inc. (hereinafter referred to as "Washington Group") is a corporation duly organized and existing under the laws of the State of Ohio with a usual place of business at 720 Park Boulevard, Boise, Idaho.

## COUNT I

4. On or about October 21, 2001, the plaintiff was working as a security guard for Alliance Security at the Sithe Energies Project in Weymouth, Massachusetts.

5. At that date and time plaintiff, in the course of his duties and in the exercise of due care, was struck in the head, neck and right shoulder area and knocked to the ground by a sign which fell approximately 100 feet from the boom of a crane which was owned by the defendant, S.G. Marino and leased by the defendant, S.G. Marino to t' defendant, Washington Group.

6. The defendant, S.G. Marino, negligently and carelessly attached a sign to the boom of it's crane and negligently and carelessly maintained said boom and said sign, and as a result, said sign fell from the boom creating a dangerous and unsafe condition without any warning.

7. As a direct and proximate result of defendant, S.G. Marino's said negligence the plaintiff was seriously injured, suffered great pain of body and mind, suffered permanent and disabling injuries, was unable to perform his usual jobs and was obliged to expend monies for reasonable and necessary medical care and expenses.

Wherefore, plaintiff, Scott McDonald, demands that judgment be entered against Defendant, S. G. Marino Crane Service Corporation, in an amount that will fairly and adequately compensate for plaintiff's pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II

8. The plaintiff hereby incorporates by reference paragraphs 1 through 5 of this Complaint.

9. The Defendant, Washington Group, negligently and carelessly attached a sign to the boom of it's leased crane and negligently and carelessly maintained said boom and said sign, and as a result, said sign fell from the boom creating a dangerous and unsafe condition without any warning.

10. As a direct and proximate result of defendant, Washington Group's said negligence the plaintiff was seriously injured, suffered great pain of body and mind, suffered permanent and disabling injuries, was unable to perform his usual jobs and was obliged to expend monies for reasonable and necessary medical care and expenses.

Wherefore, Plaintiff, Scott McDonald, demands that judgment be entered against Defendant, Washington Group International, Inc., in an amount that will fairly and adequately compensate for plaintiff's pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised in this Complaint.

For the Plaintiff
By his attorney,

George F. Miller, Esq.
Law Office of George F. Miller, P.C.
53 South Main Street
Randolph, MA 02368
(781) 986-0069
BBO #: 555163

Dated: October 18, 2004

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) Scott McDonald | DEFENDANT(S) S.G. Marino Crane Service Corporation and Washington Group International, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 781-986-0069 George F. Miller, P.C. 53 South Main Street, Randolph, MA Board of Bar Overseers number: 555163 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence- Person Inj | ( F ) | ( x ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $ 806.56
2. Total Doctor expenses ............................................................. $ 680.00
3. Total chiropractic expenses ....................................................... $
4. Total physical therapy expenses ................................................... $ 2,751.00
5. Total other expenses (describe) ................................................... $ 3,720.00
   Subtotal $ 7,957.56

B. Documented lost wages and compensation to date ................................... $114,000.00
C. Documented property damages to date .............................................. $
D. Reasonably anticipated future medical and hospital expenses ...................... $
E. Reasonably anticipated lost wages ................................................ $
F. Other documented items of damages (describe)
   $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

10% permanet impairment of whole body, C5-6 disc herniation w/cord encroachment, C4-5 protrusion w/cord encroachment, C4-5 foraminal narrowing, C6-7 foraminal narrowing, L5-S1 disc protusion w/root impingement, cervical sprain/strain, lumbar sprain/strain, right ankle osteoarthritis aggravation, right shoulder sprain/strain, abrasions of right leg. $129,915.12

TOTAL $

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 10-15-04

# EXHIBIT "B"



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

BMZ / ALL
Transmittal Number: 3837318
Date Processed: 01/14/2005

| | |
|---|---|
| **Primary Contact:** | SOP Scan - Washington Grp Intl<br>SOP - Scan - Wilmington<br>Sop - Scan<br>Suite 400 2711 Centerville Road<br>Wilmington, DE 19808 |
| **Copy of transmittal only sent to:** | Hermine Weiser |

| | |
|---|---|
| **Entity:** | Washington Group International, Inc.<br>Entity ID Number 1988042 |
| **Entity Served:** | Washington Group International, Inc. |
| **Title of Action:** | Scott McDonald vs. S.G. Crane Service Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court:** | Norfolk County Superior Court, Massachusetts |
| **Case Number:** | CV2004-01710-B |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 01/14/2005 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | George F. Miller<br>978-986-0069 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC.**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. CV2004-01710-B

Scott McDonald ......................., *Plaintiff(s)*

v.

S.G. Marino Crane Service Corporation and
Washington Group International, Inc.
........................................, *Defendant(s)*

### SUMMONS

To the above-named Defendant: Washington Group International, Inc., through it's agent Corporation Service Company 84 State Street Boston, MA

You are hereby summoned and required to serve upon George F Miller, plaintiff's attorney, whose address is 53 S. Main Street, Randolph, MA 02368 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, ~~BARBARA J. ROUSE, Esquire~~, *Esquire*, at ...Dedham... the ...5th... day of ...January..., in the year of our Lord two thousand and ...five...

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                              SUPERIOR COURT
                                          C.A. NO.: NOCV2004-01710-B

SCOTT MCDONALD                    )
     Plaintiff                    )
                                  )
v.                                )
                                  )
S.G. MARINO CRANE SERVICE         )
CORPORATION AND WASHINGTON        )
GROUP INTERNATIONAL, INC.         )
     Defendants                   )

## LOCAL RULE 7.3 CORPORATE DISCLOSURE STATEMENT

Now comes the defendant, Washington Group International, Inc., pursuant to it obligations under Rule 7.3 of the local rules for the District of Massachusetts and states as follows:

1. Washington Group International, Inc. (Ohio) is a wholly-owned subsidiary of Washington Group International, Inc. (Delaware).

2. Washington Group International, Inc. (Ohio) has a principal place of business at P.O. Box 73, Boise, Idaho 83729.

3. Washington Group International, Inc. (Delaware) has a principal place of business at P.O. Box 73, Boise, Idaho.

```
                          THE DEFENDANT,
                          WASHINGTON GROUP INTERNATIONAL,
                          INC.,
                          BY ITS ATTORNEY,

Date: 1/26/05             /s/ Anthony M. Campo
                          _____
                          Anthony M. Campo/ BBO# 552093
                          Boyle, Morrissey & Campo, P.C.
                          695 Atlantic Avenue
                          Boston, MA 02111
                          (617) 451-2000
                          FAX: (617) 451-5775
```

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.
SUPERIOR COURT
C.A. NO. NOCV2004-02758-B

SCOTT MCDONALD )
    Plaintiff )
)
v. )
)
S.G. MARINO CRANE SERVICE )
CORPORATION AND WASHINGTON )
GROUP INTERNATIONAL, INC. )
    Defendants )

05cv10161 NG

**ANSWER AND CROSS-CLAIM OF THE DEFENDANT, WASHINGTON GROUP INTERNATIONAL, INC., TO THE COMPLAINT OF THE PLAINTIFF, SCOTT MCDONALD**

FIRST DEFENSE

The Defendant, Washington Group International, Inc., answers the separately numbered paragraphs of the Complaint as follows:

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant denies the allegations contained in this paragraph.

**COUNT I**

4. The defendant denies the allegations contained in this paragraph.

5. The defendant denies the allegations contained in this paragraph.

6. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Washington Group International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

7. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Washington Group International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

**COUNT II**

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

SECOND DEFENSE

This action is barred by operation of the applicable statute of limitations.

THIRD DEFENSE

This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

FOURTH DEFENSE

The plaintiff was more than 50% at fault in causing the alleged injuries and, therefore, is barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

### FIFTH DEFENSE

If the plaintiff is entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

### SIXTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

### SEVENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### EIGHTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

### NINTH DEFENSE

The plaintiff has failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiff's Complaint; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

### TENTH DEFENSE

The acts or omissions which are alleged to have caused

the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant and for whose acts or omissions the defendant is not legally responsible.

## ELEVENTH DEFENSE

This action is barred by the provisions of the Workers' Compensation statute, G.L. c. 152.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

## CROSS-CLAIM OF THE DEFENDANT, WASHINGTON GROUP INTERNATIONAL AGAINST CO-DEFENDANT, S.G. MARINO CRANE SERVICE CORP.

1. The cross claim defendant was negligent in causing the damages alleged by the plaintiff.

2. The cross claim defendant is liable for contribution pursuant to G.L. c. 231B.

Wherefore, the cross claim plaintiff demands judgment for contribution against the cross claim defendant together with interest and costs.

3. The crossclaim defendant made an implied and\or express agreement to indemnify the crossclaim defendant for the claims of the plaintiff.

4. The crossclaim defendant is obligated to indemnify the crossclaim plaintiff for any judgment entered against the defendant together with interest, costs and attorney fees.

Wherefore, the crossclaim plaintiff demands that judgment for indemnity enter against the crossclaim defendant for any judgment entered against the crossclaim plaintiff together with interest, costs and attorney fees.

```
                              THE DEFENDANT,
                              WASHINGTON GROUP INTERNATIONAL,
                              INC.,
                              BY ITS ATTORNEY,

Date: ___17___                _____
                              Anthony M. Campo, BBO# 552093
                              Boyle, Morrissey & Campo, P.C.
                              695 Atlantic Avenue
                              Boston, MA 02111
                              (617) 451-2000
                              FAX: (617) 451-5775
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Scott McDonald
Rochester, N Hampshire

**DEFENDANTS**
S. G. Marino Crane Service Corp.
Middletown, Ct

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-10161 NG

(c) Attorney's (Firm Name, Address, and Telephone Number)
George F. Miller   1-781-986-0069
53 South Main Street Randolph Ma.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 332(a)
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/27/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Scot McDonald v. Washington Group International, Inc._

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   05-10161 NG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [ ]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(Coversheetlocal.wpd - 10/17/02)