UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   05-CV10161PBS3

---

SCOTT MCDONALD,
    Plaintiff

v.

S.G. MARINO CRANE SERVICE
CORPORATION AND WASHINGTON
GROUP INTERNATIONAL, INC.,
    Defendants

---

**ANSWER OF THE DEFENDANT, S.G. MARINO CRANE SERVICE CORPORATION, TO THE PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL WITH CROSS-CLAIM AGAINST THE DEFENDANT, WASHINGTON GROUP INTERNATIONAL, INC.**

Now comes the Defendant, S.G. Marino Crane Service Corporation (hereinafter S.G. Marino), denying each and every allegation of the Plaintiffs' Complaint unless specifically admitted, and answers the Plaintiffs' Complaint as follows:

## PARTIES

1.  As to paragraph 1, the Defendant, S.G. Marino, is without sufficient information to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove same.

2.  As to paragraph 2, the Defendant, S.G. Marino, admits the allegations.

3.  As to paragraph 3, the allegations contained therein do not pertain to this defendant so no further answer is required.

## COUNT I

4.  As to paragraph 4, the Defendant, S.G. Marino, is without sufficient information to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove same.

5.   As to paragraph 5, the Defendant, S.G. Marino, denies the allegations therein.

6.   As to paragraph 6, the Defendant, S.G. Marino, denies the allegations therein.

7.   As to paragraph 7, the Defendant, S.G. Marino, denies the allegations therein.

WHEREFORE, The Defendant, S.G. Marino, demands that Count I of the Plaintiff's Complaint be dismissed or in the alternative that judgment enter in favor of said Defendant, S.G. Marino, together with interest, costs, disbursements and attorney's fees or such other relief as this Honorable Court deems just and proper.

## COUNT II

8.   The Defendant, S.G. Marino, hereby incorporates by reference paragraphs 1 through 5.

9.   As to paragraph 9, the allegations contained therein do not pertain to this defendant so no further answer is required.

10.  As to paragraph 10, the allegations contained therein do not pertain to this defendant so no further answer is required.

WHEREFORE, The Defendant, S.G. Marino, demands that Count II of the Plaintiff's Complaint be dismissed or in the alternative that judgment enter in favor of said Defendant, S.G. Marino, together with interest, costs, disbursements and attorney's fees or such other relief as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Defendant, S.G. Marino, states that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Defendant, S.G. Marino, states that this action has not been commenced within the time provided by the General Laws of the Commonwealth of Massachusetts.

### THIRD DEFENSE

The Defendant, S.G. Marino, states that the negligence of the Plaintiff, McDonald, contributed to and was a cause of any damages as alleged and such damages, if any, should be diminished in accordance with G.L. Chapter 231, Section 85, as amended.

### FOURTH DEFENSE

The Defendant, S.G. Marino, states that the Plaintiff, McDonald's, negligence was greater than that of this Defendant's, and the Plaintiff is thereby barred from recovery under G.L. Chapter 231, Section 85, as amended.

### FIFTH DEFENSE

The Defendant, S.G. Marino, states that if the Plaintiff, McDonald, sustained damages as alleged in the Plaintiff's Complaint, such damages were caused by a third person over whom the Defendant, S.G. Marino, exercised no control, and for whom the Defendant, S.G. Marino, is and was not responsible.

### SIXTH DEFENSE

The Defendant, S.G. Marino, states that if the Plaintiff, McDonald, sustained damages as alleged in the Plaintiff's Complaint, such damages were caused by the intervening and superseding acts of a third person, which acts the Defendant, S.G. Marino, did not and reasonably could not foresee.

### SEVENTH DEFENSE

The Defendant, S.G. Marino, states that the Plaintiff's Complaint must be dismissed as there has been untimely and/or improper process.

### EIGHTH DEFENSE

The Defendant, S.G. Marino, states that the Plaintiff's Complaint must be dismissed as there has been untimely and/or improper service of process.

The Defendant, S.G. Marino, reserves the right to raise such additional affirmative defenses that become known and/or available during the course of this litigation.

## CROSS–CLAIM DIRECTED TO THE DEFENDANT, WASHINGTON GROUP INTERNATIONAL, INC.

Now comes the Defendant, S.G. Marino Crane Service Corporation (S.G. Marino), and hereby asserts as a Cross–Claim against the Defendant, Washington Group International, Inc. (Washington Group), in accordance Rule 13 of the Federal Rules of Civil Procedure, the following claims:

1.  The Plaintiff-in-Cross–Claim, S.G. Marino Crane Service Corporation (S.G. Marino), is a duly organized corporation under the laws of the State of Connecticut.

2.  The Defendant-in-Cross–Claim, Washington Group International, Inc. (Washington Group), is a duly organized corporation under the laws of the State of Ohio, with its usual place of business located at 720 Park Boulevard, Boise, Idaho.

3.  On or about October 21, 2001, S.G. Marino leased a crane to Washington Group pursuant to the terms and conditions of a lease agreement.

4.  The Plaintiff, Scott McDonald, has brought an action against the Defendants, S.G. Marino and Washington Group, seeking monetary damages for negligence resulting in alleged personal injuries to the Plaintiff from being struck by a sign which fell from a crane at the Sithe Energies Project in Weymouth, MA on or about October 21, 2001.

### COUNT I
### (Breach of Contract)

5.  The Defendant/Plaintiff-in-Cross–Claim, S.G. Marino, realleges and restates paragraphs 1 through 4, of its Cross–Claim as if expressly written herein.

6.  Washington Group had a contractual obligation to provide insurance coverage for the leased crane referred to in the Plaintiff's Complaint naming the S.G. Marino Crane Service as an additional insured.

7.  Washington Group breached its contractual obligation to provide insurance coverage naming the S.G. Marino Crane Service as an additional insured.

WHEREFORE Defendant/Plaintiff-in-Cross–Claim, S.G. Marino, demands judgment against the Defendant-in-Cross–

Claim, Washington Group, for all lawful damages, including attorney's fees, to the fullest extent permitted by law.

## COUNT II
### (Indemnification)

8.    The Defendant/Plaintiff-in-Cross-Claim, S.G. Marino, realleges and restates paragraphs 1 through 7, of its Cross-Claim as if expressly written herein.

9.    Washington Group had a contractual obligation to defend and indemnify S.G. Marino "from any and all loss, liability, damage and expense to other persons or any property arising from or in connection with the use or operation of the leased equipment."

10.   The Defendant/Plaintiff-in-Cross-Claim, S.G. Marino, is entitled to defense by Washington Group and if the Defendant/Plaintiff-in-Cross-Claim, S.G. Marino, is found liable to the Plaintiff in this action, which Plaintiff-in-Cross-Claim denies, then it is entitled to indemnification by the Defendant-in-Cross-Claim, Washington Group, in full amount of any judgment against it in the above captioned action.

WHEREFORE Defendant/Plaintiff-in-Cross-Claim, S.G. Marino, demands judgment against the Defendant-in-Cross-Claim, Washington Group, in the full amount of any judgment the Plaintiff may be awarded against the Defendant, S.G. Marino, in the Plaintiff's action, together with interest, costs, disbursements and attorney's fees or such other relief as this Honorable Court deems just and proper.

## COUNT III
### (Contribution)

11.   The Defendant/Plaintiff-in-Cross-Claim, S.G. Marino, realleges and restates paragraphs 1 through 10, of its Cross-Claim as if expressly written herein.

12.   If the Defendant/Plaintiff-in-Cross-Claim, S.G. Marino, is found liable to the Plaintiff in this action, which the Plaintiff-in-Cross-Claim denies, then the Defendant-in-Cross-Claim, Washington Group, is jointly liable, and therefore the Plaintiff-in-Cross-Claim, S.G. Marino, is entitled to contribution from Defendant-in-Cross-Claim, Washington Group.

WHEREFORE, Defendant/Plaintiff-in-Cross-Claim, S.G. Marino, demands judgment against the Defendant-in-Cross-

Claim, Washington Group, for contribution to any amount awarded to the Plaintiff against the Plaintiff-in-Cross-Claim, S.G. Marino, together with interest, costs, disbursements and attorney's fees or such other relief as this Honorable Court deems just and proper.

## JURY DEMAND

The Defendant, S.G. Marino Crane Service Corporation (S.G. Marino), claims a trial by jury in the United States District Court for the District of Massachusetts on all issues raised by this case.

Respectfully submitted,
The Defendant, S.G. Marino,
By counsel,

John F. Leahy, Jr.
BBO # 289860
Long & Houlden
100 Summer Street, 11th Floor
Boston, MA   02110
(617) 439-4777

Date:  4-7-05

## CERTIFICATE OF SERVICE

I, John F. Leahy, Jr., Attorney for the Defendant, Marino Crane Service Corporation, hereby certify that on this _____ day of April, 2005, I have served a copy of the following documents:

1.  NOTICE OF APPEARANCE; and

2.  ANSWER OF THE DEFENDANT, S.G. MARINO CRANE SERVICE CORPORATION, AND DEMAND FOR JURY TRIAL WITH CROSS-CLAIM AGAINST THE DEFENDANT, WASHINGTON GROUP INTERNATIONAL, INC.

by mailing a copy of the same first-class mail, postage prepaid, to the following counsel of record:

George F. Miller, Esq.
Law Office of George F. Miller, P.C.
53 South Main Street
Randolph, MA 02368

Anthony M. Campo, Esq.
Boyle, Morrissey & Campo, PC
695 Atlantic Ave.
Boston, MA 02111

John F. Leahy, Jr.
BBO # 289860
Long & Houlden
100 Summer Street, 11th Floor
Boston, MA 02110
(617) 439-4777