COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.
SUPERIOR COURT
C.A. NO: 

SCOTT MCDONALD
    Plaintiff

v.

S.G. MARINO CRANE SERVICE CORPORATION AND WASHINGTON GROUP INTERNATIONAL, INC.
    Defendants

05cv10161 NG

**ANSWER AND CROSS-CLAIM OF THE DEFENDANT, WASHINGTON GROUP INTERNATIONAL, INC., TO THE COMPLAINT OF THE PLAINTIFF, SCOTT MCDONALD**

FIRST DEFENSE

The Defendant, Washington Group International, Inc., answers the separately numbered paragraphs of the Complaint as follows:

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant denies the allegations contained in this paragraph.

**COUNT I**

4. The defendant denies the allegations contained in this paragraph.

5. The defendant denies the allegations contained in this paragraph.

6. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Washington Group International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

7. The defendant makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, Washington Group International, Inc. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

### COUNT II

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

### SECOND DEFENSE

This action is barred by operation of the applicable statute of limitations.

### THIRD DEFENSE

This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

### FOURTH DEFENSE

The plaintiff was more than 50% at fault in causing the alleged injuries and, therefore, is barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

### FIFTH DEFENSE

If the plaintiff is entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

### SIXTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

### SEVENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### EIGHTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

### NINTH DEFENSE

The plaintiff has failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiff's Complaint; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

### TENTH DEFENSE

The acts or omissions which are alleged to have caused

the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant and for whose acts or omissions the defendant is not legally responsible.

## ELEVENTH DEFENSE

This action is barred by the provisions of the Workers' Compensation statute, G.L. c. 152.

THE DEFENDANT DEMANDS A TRIAL BY JURY.

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

## CROSS-CLAIM OF THE DEFENDANT, WASHINGTON GROUP INTERNATIONAL AGAINST CO-DEFENDANT, S.G. MARINO CRANE SERVICE CORP.

1. The cross claim defendant was negligent in causing the damages alleged by the plaintiff.

2. The cross claim defendant is liable for contribution pursuant to G.L. c. 231B.

Wherefore, the cross claim plaintiff demands judgment for contribution against the cross claim defendant together with interest and costs.

3. The crossclaim defendant made an implied and\or express agreement to indemnify the crossclaim defendant for the claims of the plaintiff.

4. The crossclaim defendant is obligated to indemnify the crossclaim plaintiff for any judgment entered against the defendant together with interest, costs and attorney fees.

Wherefore, the crossclaim plaintiff demands that judgment for indemnity enter against the crossclaim defendant for any judgment entered against the crossclaim plaintiff together with interest, costs and attorney fees.

THE DEFENDANT,
WASHINGTON GROUP INTERNATIONAL, INC.,
BY ITS ATTORNEY,

Date: 1/27/05

Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775