UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 05-10161-RBC

| | |
|---|---|
| SCOTT MCDONALD, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| S.G. MARINO CRANE SERVICE CORPORATION and WASHINGTON GROUP INTERNATIONAL, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| S.G. MARINO CRANE SERVICE CORPORATION, | )<br>)<br>)<br>) |
| Third Party Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| Duke/Fluor Daniel | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OF THIRD PARTY DEFENDANT DUKE/FLUOR DANIEL IN SUPPORT OF ITS MOTION TO DISMISS

Third Party Defendant Duke/Fluor Daniel hereby submits this memorandum in support of its motion to dismiss the Third Party Complaint of S.G. Marino Crane Service Corporation. S.G. Marino Crane Service Corporation has failed to serve Duke/Fluor Daniel in accordance with F.R.C.P. Rule 4 et seq. and M.G.L. c. 2234A, Section 6. The service was made via certified mail upon Fluor Corporation, to an unnamed "corporate officer" rather than on a specific person as required. See Exhibit A hereto. Further, Fluor Corporation is not a partner of the Duke/Fluor Daniel partnership. See Exhibit B

hereto. Fluor Corporation is a properly maintained, separate corporate entity, than that of Duke/Fluor Daniel as well as a properly maintained, separate corporate entity from either of the two partners of the Duke/Fluor Daniel general partnership. See Exhibit B hereto. Defendants has failed to properly serve Fluor Corporation. Even if service upon Fluor Corporation was proper (which it is not), such service in ineffective service of process upon a partnership to which Fluor Corporation is not a partner.

## ARGUMENT

S.G. Marino Crane Service Corporation's attempted service upon Duke/Fluor Daniel pursuant to F.R.C.P. 4(h) and M.G.L. 223A, section 6, is deficient in two regards. See Exhibit C hereto.

First, M.G.L. c. 223A, section 6(3) allows for service, "by any form of mail addressed to the person to be served and requiring a signed receipt." S.G. Marino Crane Service Corporation's attempt at service pursuant to M.G.L. c. 223A, section 6(3) fails because it is not addressed to any particular individual. See *Stanley Works v. Globemaster*, 400 F.Supp. 1325, 1328 (D.Mass.1975) and *Weber v. Zurich Financial Services Group*, Middlesex Superior Court, Docket No. 2003-02153, Opinion No. 86764 (November 30, 2004).

Second, the service was made upon Fluor Corporation and not upon Duke/Fluor Daniel or either partner to that particular partnership. Duke/Fluor Daniel is a North Carolina general partnership that is in the process of winding down. See Exhibit B hereto. Duke/Fluor Daniel has two general partners – Duke Project Services, Inc., a North Carolina corporation and Fluor Daniel Illinois, Inc., a Delaware corporation. See Exhibit B hereto. Fluor Daniel Illinois, Inc. is not the same corporation as Fluor

Corporation. See Exhibit B hereto. To the extent Third Party Plaintiff argues that Fluor Corporation is or may be a remote parent corporation of Fluor Daniel Illinois, Inc., service upon a parent corporation has been held to be defective where the parent corporation is not the general agent of the subsidiary corporation, as is the case here. See *Matrozos v. Gulf Oil Corporation et al.*, 54 F.Supp. 714, 716 (S.D.N.Y.1943) *citing Amtorg Trading Corporation v. Standard Oil Co., D.C.*, 47 F.Supp. 466.

Lastly, there is a presumption of corporate separateness that must be overcome by clear and convincing evidence. See *Cabot Safety Intermediate Corporation v. Arkon Safety Equipment, Inc. et al*, 12 F.Supp.2d 180, 181 (D.Mass.1998) Third Party Plaintiff cannot overcome its burden to show that service upon Fluor Corporation is the same as service upon Duke/Fluor Daniel or Fluor Daniel Illinois, Inc.

## CONCLUSION

Based upon the foregoing, Third Party Plaintiff's motion to dismiss should be allowed.

Respectfully submitted this 21st day of July 2006.

Duke/Fluor Daniel
By its counsel,

Andrew J. Tine
BBO#633639
Law Offices of Andrew J. Tine
345 Thames Street, 301N
Bristol, RI 02809
401-396-9002
atine@tinelaw.com

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name )    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Fluor Corporation<br>One Enterprise Drive<br>Aliso Viejo, CA 92656-2606<br>Attn: Corporate Officer | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number (Transfer from service label) | 7003 1010 0001 0804 4111 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

"Exhibit A"



"Exhibit A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 05-10161-RBC

| | |
|---|---|
| SCOTT MCDONALD, | ) |
| Plaintiff, | ) |
| v. | ) |
| S.G. MARINO CRANE SERVICE CORPORATION and WASHINGTON GROUP INTERNATIONAL, INC., | ) |
| Defendants. | ) |
| S.G. MARINO CRANE SERVICE CORPORATION, | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| Duke/Fluor Daniel | ) |
| Defendant. | ) |

## AFFIDAVIT OF RONALD R. STUFF IN SUPPORT OF THIRD PARTY DEFENDANT DUKE/FLUOR DANIEL'S MOTION TO DISMISS

I, Ronald R. Stuff, hereby depose and state as follows:

1. I am Senior Counsel for Fluor Corporation. The statements made herein are based upon my personal knowledge.
2. Duke/Fluor Daniel is a North Carolina general partnership that is in the process of winding down. Duke/Fluor Daniel has two general partners – Duke Project Services, Inc., a North Carolina corporation and Fluor Daniel Illinois, Inc., a Delaware corporation.
2. Fluor Corporation is not a partner of the Duke/Fluor Daniel general partnership.
3. Fluor Corporation is a properly maintained, separate corporate entity, than that of Fluor Daniel Illinois, Inc.
4. Fluor Corporation is not the general agent of Fluor Daniel Illinois, Inc.

Subscribed and sworn to this 21 day of July 2006.

_Ronald R. Stuff_
Ronald Stuff

"Exhibit B"

**LONG & LEAHY**
*100 SUMMER STREET*
*BOSTON, MASSACHUSETTS 02110*
*TEL. (617) 439-4777 * FAX (617) 439-3153*

ROBERT A. LONG, JR.
JOHN F. LEAHY, JR.
THOMAS M. FRANCO
RICHARD J. POLIFERNO
STEVEN M. O'BRIEN
PAUL A. LADAS

KATHLEEN M. GREELEY
DIANE COLE LAINE
CATHERINE M. DOHERTY
JOSEPH LABADINI
LORI J. HARLING
DARREN J. RILLOVICK

June 29, 2006

(Via Certified Mail)

Duke/Fluor Daniel
400 South Trynon Street
Charlotte, NC 28285
Attention: Corporate Officer

Re: Scott McDonald v. S.G. Marino Crane Service Corporation v. Duke/Fluor Daniel
U.S. District Court for the District of Massachusetts C.A.#: 05-10161-RBC

Dear Sir/Madam:

Pursuant to Fed. R. Civ. P. 4(h) and M.G.L. 223A, sec.6, enclosed is a third party summons and complaint against Duke/Fluor Daniel. An answer to the third party complaint is required within twenty (20) days.

I am also enclosing a copy of the Court's Fed. R. Civ. P. 16(b) scheduling order.

Thank you for your attention to this matter.

Very truly yours,

Thomas M. Franco

TMF:alp
Enclosure
cc: George F. Miller, Esq.
    Anthony M. Campo, Esq.

"Exhibit C"