```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


                                    C.A. NO.: 05-10161-RBC
```

****************************
SCOTT MCDONALD,

       Plaintiff,

V.


S.G. MARINO CRANE SERVICE
CORPORATION and WASHINGTON
GROUP INTERNATIONAL, INC.,

       Defendants,

V.
DUKE/FLUOR DANIEL,

       Third Party Defendant
****************************


**AFFIDAVIT OF SERVICE OF PROCESS**

    I, Thomas M. Franco, Attorney for the Defendant, S.G. Marino Crane Service Corporation, hereby certify and return that on June 29, 2006 I served a copy of the within Third-Party Summons, together with a copy of the Third-Party Complaint in this action, by sending said documents along with a suitable cover letter by certified mail, return receipt requested upon the within named Third-Party Defendant Duke/Fluor Daniel. A copy of the foregoing, along with the receipt for same executed on July 3, 2006 is attached hereto.

Dated: 7/28/06

                                                        _____
Thomas M. Franco
Attorney for Defendant
Long & Leahy
100 Summer Street, 11th Floor
Boston, MA 02110
Tel. (617) 439-4777
BBO#550596

*LONG & LEAHY*
*100 SUMMER STREET*
*BOSTON, MASSACHUSETTS 02110*
*TEL. (617) 439-4777 * FAX (617) 439-3153*

ROBERT A. LONG, JR.
JOHN F. LEAHY, JR.
THOMAS M. FRANCO
RICHARD J. POLIFERNO
STEVEN M. O'BRIEN
PAUL A. LADAS

KATHLEEN M. GREELEY
DIANE COLE LAINE
CATHERINE M. DOHERTY
JOSEPH LABADINI
LORI J. HARLING
DARREN J. RILLOVICK

June 29, 2006

(Via Certified Mail)

Duke/Fluor Daniel
400 South Trynon Street
Charlotte, NC 28285
Attention: Corporate Officer

Re:  Scott McDonald v. S.G. Marino Crane Service Corporation v. Duke/Fluor Daniel
U.S. District Court for the District of Massachusetts C.A.#: 05-10161-RBC

Dear Sir/Madam:

Pursuant to Fed. R. Civ. P. 4(h) and M.G.L. 223A, sec.6, enclosed is a third party summons and complaint against Duke/Fluor Daniel. An answer to the third party complaint is required within twenty (20) days.

I am also enclosing a copy of the Court's Fed. R. Civ. P. 16(b) scheduling order.

Thank you for your attention to this matter.

Very truly yours,

Thomas M. Franco

TMF:alp
Enclosure
cc:  George F. Miller, Esq.
     Anthony M. Campo, Esq.

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     MASSACHUSETTS

PLAINTIFF

Scott McDonald

**THIRD PARTY SUMMONS IN A CIVIL ACTION**

V. DEFENDANT AND THIRD PARTY PLAINTIFF

Washington Group International, Inc. and
S.G. Marino Crane Service Corporation

Case Number:    05-10161-RBC

V. THIRD PARTY DEFENDANT

Duke/Fluor Daniel

To: Name and address of Third Party Defendant

Duke/Fluor Daniel
400 South Trynon Street
Charlotte, NC 28285

**YOU ARE HEREBY SUMMONED** and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

George F. Miller, Esq.
53 South Main Street
Randolph, MA 02368

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address)

Thomas M. Franco, Esq.
Attorney for S.G. Marino
Crane Service Corporation
Long & Leahy
100 Summer Street, 11th Fl.
Boston, MA 02110

Michael P. Johnson, Esq.
Attorney for Washington
Group International, Inc.
Boyle, Morrissey &
Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111

an answer to the third-party complaint which is served on you with this summons, within __20__ days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH ALLISON THORNTON
CLERK

(By) DEPUTY CLERK

DATE    6/23/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTES

C.A. NO.: 05-10161-RBC

*******************************
SCOTT MCDONALD,

    Plaintiff,

V.

S.G. MARINO CRANE SERVICE
CORPORATION and WASHINGTON
GROUP INTERNATIONAL, INC.,

    Defendants.
*******************************

### DEFENDANT S.G. MARINO CRANE SERVICE CORPORATION'S THIRD PARTY COMPLAINT

1. The defendant S.G. Marino Crane Service Corporation ("Marino") is a Connecticut corporation with a principal place of business at 25 Mill Street, Middletown, CT.

2. The Third Party Defendant, Duke/Fluor Daniel ("D/FD") is, on information and belief, a joint venture of Fluor Corporation or its affiliates and Duke Energy Corporation or its affiliates. Fluor Corporation is, on information and belief, a California corporation with a principal place of business at 1 Enterprise Drive, Aliso Viejo, CA. Duke Energy Corporation is, on information and belief, a North Carolina corporation, with a principal place of business located at 526 South Church Street, Charlotte, NC.

3. The plaintiff has filed a Complaint against Marino, a copy of which is attached as Exhibit 1, alleging that on or about October 21, 2001, the plaintiff was injured while working as a security guard at a construction project known as the Sithe Energies Project in North Weymouth, MA ("the project"). The plaintiff alleges that he was injured when a sign that was negligently attached to a crane owned by Marino, fell and

struck the plaintiff, causing the plaintiff to sustain injuries.

4. On information and belief D/FD was responsible for managing and coordinating construction on the project at the time of the alleged accident.

5. Marino leased the crane in question ("the crane") to D/FD pursuant to a so-called "bare rental agreement" ("the agreement") dated August 24, 2001. Pursuant to the terms and conditions of the agreement, D/FD agreed to maintain and repair the crane while it was located at the project.

6. Under the terms and conditions of the agreement, D/FD agreed to defend, hold harmless, and indemnify Marino from any "claim of injury… arising from or in connection with the use or operation of the equipment or otherwise in connection therewith from the time that the leased equipment leaves its point of origin until it is returned to Lessor [Marino]…"

7. The plaintiff's alleged injury arose from or in connection with the crane leased by Marino to D/FD.

8. D/FD, its agents or employees, negligently operated, used, serviced, repaired or maintained the crane.

9. As a direct and proximate result of D/FD's negligence, the sign located on the boom of the crane allegedly detached and fell, striking the plaintiff and causing him to sustain damages.

### I. Indemnity

10. Marino repeats and re-alleges paragraph 1-9 of the Third Party Complaint and incorporates the same by reference as if expressly re-written herein.

11. According to the terms and conditions of the rental agreement for the crane, D/FD expressly or impliedly agreed to defend, indemnify, and hold harmless Marino in connection with the plaintiff's claim of injury.

12. As a result, D/FD is liable to Marino for indemnity, plus interest, attorneys' fees, and costs. WHEREFORE, Marino demands judgment for indemnity against D/FD, plus interest, attorneys' fees, and costs.

## II. Contribution

13. Marino repeats and re-alleges paragraphs 1-12 of the Third Party Complaint and incorporates the same by reference as if expressly re-written herein.

14. If the plaintiff establishes that Marino is liable to the plaintiff as is alleged in the plaintiff's Complaint, which liability Marino expressly denies, then D/FD is jointly and severally liable in tort to the plaintiff as a result of D/FD's negligence in operating, using, maintaining, or repairing the crane.

15. As a result, D/FD is liable for contribution, pursuant to G. L. c. 231B, plus attorneys' fees, interest, and costs.

WHEREFORE, Marino demands judgment for contribution against D/FD, plus interest, attorneys' fees, and costs.

Respectfully submitted,
S.G. Marino Crane Service Corporation
By its counsel,

_____
Thomas M. Franco
BBO# 550596
Long & Leahy
100 Summer Street, 11th Fl
Boston, MA 02110
617-439-4777

DATE: _____

EXHIBIT 1

1/10/2005  16:50  RC KNOX → 913123329819                          NO. 751   P.5
JAN.10.2005  11:23AM  MARINO CRANE SERVICE



# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                  SUPERIOR COURT
                                              DOCKET NO.:

SCOTT MCDONALD           )
     Plaintiff           )
                         )         COMPLAINT AND
                         )         JURY DEMAND
S. G. MARINO CRANE SERVICE )
CORPORATION AND WASHINGTON )
GROUP INTERNATIONAL, INC., )
     Defendants          )

## PARTIES

1. The Plaintiff, Scott McDonald (hereinafter referred to as "McDonald") is a resident of Rochester, New Hampshire, and at all times material hereto was employed as a security guard for Alliance Security.

2. The Defendant, S.G. Marino Crane Service Corporation, (hereinafter referred to as "S.G. Marino) is a corporation duly organized and existing under the laws of the State of Connecticut with a usual place of business at 25 Mill Street, Middletown, Connecticut.

3. The Defendant, Washington Group International, Inc. (hereinafter referred to as "Washington Group") is a corporation duly organized and existing under the laws of the State of Ohio with a usual place of business at 720 Park Boulevard, Boise, Idaho.

## COUNT 1

4. On or about October 21, 2001, the plaintiff was working as a security guard for Alliance Security at the Sithe Energies Project in Weymouth, Massachusetts.

5. At that date and time plaintiff, in the course of his duties and in the exercise of due care, was struck in the head, neck and right shoulder area and knocked to the ground by a sign which fell approximately 100 feet from the boom of a crane which was owned by the defendant, S.G. Marino and leased by the defendant, S.G. Marino to the defendant, Washington Group.

6. The defendant, S.G. Marino, negligently and carelessly attached a sign to the boom of it's crane and negligently and carelessly maintained said boom and said sign, and as a result, said sign fell from the boom creating a dangerous and unsafe condition without any warning.

7. As a direct and proximate result of defendant, S.G. Marino's said negligence the plaintiff was seriously injured, suffered great pain of body and mind, suffered permanent and disabling injuries, was unable to perform his usual jobs and was obliged to expend monies for reasonable and necessary medical care and expenses.

Wherefore, plaintiff, Scott McDonald, demands that judgment be entered against Defendant, S. G. Marino Crane Service Corporation, in an amount that will fairly and adequately compensate for plaintiff's pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II

8. The plaintiff hereby incorporates by reference paragraphs 1 through 5 of this Complaint.

9. The Defendant, Washington Group, negligently and carelessly attached a sign to the boom of it's leased crane and negligently and carelessly maintained said boom and said sign, and as a result, said sign fell from the boom creating a dangerous and unsafe condition without any warning.

10. As a direct and proximate result of defendant, Washington Group's said negligence the plaintiff was seriously injured, suffered great pain of body and mind, suffered permanent and disabling injuries, was unable to perform his usual jobs and was obliged to expend monies for reasonable and necessary medical care and expenses.

Wherefore, Plaintiff, Scott McDonald, demands that judgment be entered against Defendant, Washington Group International, Inc., in an amount that will fairly and adequately compensate for plaintiff's pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised in this Complaint.

For the Plaintiff
By his attorney,

George F. Miller, Esq.
Law Office of George F. Miller, P.C.
53 South Main Street
Randolph, MA 02368
(781) 986-0069
BBO #: 555163

Dated: October 18, 2004

# United States District Court
# District of Massachusetts

SCOTT MCDONALD,
    Plaintiff,

v.                        CIVIL ACTION NO. 05-10161-RBC

S. G. MARINE CRANE SERVICE
    CORPORATION,
WASHINGTON GROUP
    INTERNATIONAL, INC.,
    Defendants.

## SCHEDULING ORDER - RULE 16(b), FED. R. CIV. P.

COLLINGS, U.S.M.J.

    The Court enters the within Scheduling Order pursuant to Rule 16(b), Fed. R. Civ. P.

    (1)    Responses, answers and/or objections to all previously-served written discovery shall be served *on or before the close of business on Tuesday, April 18, 2006.*

    (2)    All other set(s) of interrogatories and requests for production of

documents must be served *on or before the close of business on Tuesday, April 18, 2006;* responses, answers and/or objections shall be served *within the time provided by the Federal Rules.*

(2)    Any amendments to pleadings shall be filed and served *on or before the close of business on Friday, May 5, 2006.*

(3)    All other non-expert discovery shall be filed and/or served *on or before the close of business on Friday, August 25, 2006* and COMPLETED *on or before the close of business on Friday, September 29, 2006.*

(4)    The plaintiffs shall serve a full and complete expert report *on or before the close of business on Wednesday, October 25, 2006;* the defendants shall serve full and complete expert reports *on or before the close of business on Wednesday, November 29, 2006.*

(3)    Expert depositions shall be COMPLETED *on or before the close of business on Wednesday, January 17, 2007.*

(4)    Counsel shall report for a Status Conference on *Wednesday, October 4, 2006 at 2:15 P.M.* At said conference, counsel shall be prepared to discuss whether the case should be referred to mediation. Also, counsel shall be

2

prepared to discuss in detail any contemplated dispositive motions.

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

February 21, 2006.

3

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>E. Davis                        7 3 6 |
| 1. Article Addressed to:<br><br>Duke/Fluor Daniel<br>400 South Trynon St.<br>Charlotte, NC 28285<br>Attn: Corporate Officer | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)          ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 1010 0001 8044 128 |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-154 |