UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTES

C.A. NO.: 05-10161-RBC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SCOTT MCDONALD,
      Plaintiff,

v.

S.G. MARINO CRANE SERVICE
CORPORATION and WASHINGTON GROUP
INTERNATIONAL, INC.,
      Defendants,

---

S.G. MARINO CRANE SERVICE
CORPORATION,
    Third-Party Plaintiff,

v.

Duke/Fluor Daniel,
    Third-Party Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION OF THE DEFENDANT/THIRD PARTY PLAINTIFF S. G. MARINO CRANE SERVICE CORPORATION TO THE THIRD PARTY DEFENDANT DUKE/FLUOR DANIEL'S MOTION TO DISMISS

The Defendant/Third Party Plaintiff, S. G. Marino Crane Service Corporation ("Marino"), opposes the Motion to Dismiss of the Third Party Defendant Duke/Fluor Daniel ("D/FD"). As reasons in support of its opposition, Marino states as follows:

1.    Marino's Motion to Implead D/FD was allowed by the Court on or about May 23, 2006.

2.   On or about June 29, 2006, Marino served D/FD with the Third Party Complaint and Summons by certified mail.  Marino served D/FD at its usual place of business: 400 South Trynon Street, Charlotte, North Carolina.   The certified letter was addressed to the attention of a "corporate officer".  The letter was received and signed for by D/FD.  On or about July 28, 2006, Marino filed an Affidavit of Service of Process, which included a copy of the certified letter and the signed receipt.  A copy of the Affidavit is attached as Exhibit 1.

3.   Because Marino was not certain whether D/FD still maintained the Charlotte, North Carolina business address at the time of service, Marino also served by certified mail two entities whom it believed were joint venturers or partners in D/FD:  Fluor Corporation, 1 Enterprise Drive, Aliso Viejo, California 92656-2606;  and Duke Energy Corporation, 520 South Church Street, Charlotte, North Carolina 28202-1964.   Marino received a signed receipt back from Duke Energy Corporation, but not from Fluor Corporation.   A copy of the certified letters and the return receipt is attached as Exhibit 2.

4.   Marino did not file an Affidavit of Service regarding the Summonses directed to Duke Energy Corporation

and Fluor Corporation as it had received good service on D/FD at its Charlotte, North Carolina address.

5.   D/FD claims that service is deficient for two reasons.   First, service was directed to a "corporate officer" rather than to a specific individual at D/FD. Second, D/FD contends that service on Fluor Corporation was improper because Fluor Corporation's subsidiary, Fluor Illinois, Inc., and not Fluor Corporation, is a partner of D/FD.

6.   Service on an out-of-state corporation, partnership or unincorporated association that is located in another judicial district of the United States is governed by Fed.R.Civ.P. 4(h), which provides that service can be made on "in the manner prescribed by subdivision (e)(1)."   Rule 4(e)(1) allows for out-of-state individuals who are located within another judicial district of the United States to be served "pursuant to the law of the state in which the district court is located, or in which service is effected for the service of a summons upon the defendant in action brought in the courts of general jurisdiction of the State . . ."   Accordingly, Fed.R.Civ.P. 4, allows for service to be obtained in the same manner permitted by Massachusetts law.

7.    Massachusetts law permits service of an out-of-state individual, corporation or other business entity by certified mail.   G.L.c. 223A, sec. 6(a)(3) provides that service may be made ". . . by any form of mail addressed to the person to be served and requiring a signed receipt . . ."  See also Mass. R. Civ. P. 4(e) (3) (permitting delivery of summons and complaint "by any form of mail addressed to the individual and requiring a signed receipt").   Service on a partnership can be obtained by delivery to "an officer, a managing or general agent, or to any agent authorized by law to receive service of process. . ." Fed. R. Civ. P. 4(h)(1).

8.    The service by certified mail directed to a "corporate officer" of D/FD complied with Massachusetts law.   This is not a situation where service was simply addressed to a corporation without any reference to an officer of the corporation. See <u>Media Duplication Services Ltd. v. HDG Software, Inc.</u>, 928 F.2d 1228, 1235 n. 6 (D. Mass. 1991) (certified mail addressed to a corporation only, which could be signed for by anyone at the address, and not to an officer may not be valid).   A "corporate officer" would necessarily include an officer of the D/FD general partnership.   There is no requirement that Marino needed to identify a specific officer or member of the

entity by name in order to obtain good service by certified mail as D/FD suggests. Such a requirement would impose an unreasonable burden on a plaintiff or third party plaintiff, who will usually not be privy to such information. Under the circumstances, the address on the certified letter was sufficient to have notified the appropriate officer of D/FD of the pendency of the lawsuit. The fact that D/FD retained counsel and filed the motion to dismiss within twenty days of receipt of the mailing confirms that the appropriate individual received the requisite timely notice.

    9.  Even if the service is deemed insufficient, D/FD's motion is premature. Under Fed.R.Civ.P. 4(m), a party has 120 days to effect service. Here, the motion to implead was allowed on May 23, 2006. Marino, therefore, has until September 21, 2006 to obtain service and to file an appropriate return of service with the Court. Should service be deemed insufficient, Marino can simply re-serve D/FD and file an amended Proof of Service within the 120-day period. To eliminate any doubt on the issue of proper service, Marino is in the process of re-serving D/FD and will, if necessary, file an amended Proof of Service within the permitted time period.

WHEREFORE, Marino requests that the Motion to Dismiss be denied.

Respectfully submitted,
The Defendant/Third-Party
Plaintiff, S.G. Marino Crane
Service Corporation,
By counsel,

Thomas M. Franco
BBO # 550596
Long & Leahy
100 Summer Street, 11th Floor
Boston, MA  02110
Telephone: (617) 439-4777

Dated: _8/11/06_

I hereby certify that a true copy of the above document was filed through the ECF system on August 11, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


C.A. NO.: 05-10161-RBC

****************************
SCOTT MCDONALD,

      Plaintiff,

V.


S.G. MARINO CRANE SERVICE
CORPORATION and WASHINGTON
GROUP INTERNATIONAL, INC.,

      Defendants,

V.
DUKE/FLUOR DANIEL,

      Third Party Defendant
****************************


## AFFIDAVIT OF SERVICE OF PROCESS


I, Thomas M. Franco, Attorney for the Defendant, S.G. Marino Crane Service Corporation, hereby certify and return that on June 29, 2006 I served a copy of the within Third-Party Summons, together with a copy of the Third-Party Complaint in this action, by sending said documents along with a suitable cover letter by certified mail, return receipt requested upon the within named Third-Party Defendant Duke/Fluor Daniel. A copy of the foregoing, along with the receipt for same executed on July 3, 2006 is attached hereto.

Dated: 7/28/06

_____
Thomas M. Franco
Attorney for Defendant
Long & Leahy
100 Summer Street, 11th Floor
Boston, MA 02110
Tel. (617) 439-4777
BBO#550596

**LONG & LEAHY**
100 SUMMER STREET
BOSTON, MASSACHUSETTS 02110
TEL. (617) 439-4777 * FAX (617) 439-3153

ROBERT A. LONG, JR.
JOHN F. LEAHY, JR.
THOMAS M. FRANCO
RICHARD J. POLIFERNO
STEVEN M. O'BRIEN
PAUL A. LADAS

KATHLEEN M. GREELEY
DIANE COLE LAINE
CATHERINE M. DOHERTY
JOSEPH LABADINI
LORI J. HARLING
DARREN J. RILLOVICK

June 29, 2006

(Via Certified Mail)

Duke/Fluor Daniel
400 South Trynon Street
Charlotte, NC 28285
Attention: Corporate Officer

      Re:   Scott McDonald v. S.G. Marino Crane Service Corporation v. Duke/Fluor
           Daniel
           U.S. District Court for the District of Massachusetts C.A.#: 05-10161-
           RBC

Dear Sir/Madam:

    Pursuant to Fed. R. Civ. P. 4(h) and M.G.L. 223A, sec.6, enclosed is a third party
summons and complaint against Duke/Fluor Daniel. An answer to the third party complaint is
required within twenty (20) days.

    I am also enclosing a copy of the Court's Fed. R. Civ. P. 16(b) scheduling order.

    Thank you for your attention to this matter.

                    Very truly yours,

                    Thomas M. Franco

TMF:alp
Enclosure
cc:    George F. Miller, Esq.
       Anthony M. Campo, Esq.

☙AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     **MASSACHUSETTS**

PLAINTIFF

Scott McDonald

V. DEFENDANT AND THIRD PARTY PLAINTIFF

Washington Group International, Inc. and
S.G. Marino Crane Service Corporation

V. THIRD PARTY DEFENDANT

Duke/Fluor Daniel

**THIRD PARTY SUMMONS IN A
CIVIL ACTION**

Case Number:        05-10161-RBC

To: Name and address of Third Party Defendant

Duke/Fluor Daniel
400 South Trynon Street
Charlotte, NC 28285

**YOU ARE HEREBY SUMMONED** and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

George F. Miller, Esq.
53 South Main Street
Randolph, MA 02368

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)

Thomas M. Franco, Esq.
Attorney for S.G. Marino
Crane Service Corporation
Long & Leahy
100 Summer Street, 11th Fl.
Boston, MA 02110

Michael P. Johnson, Esq.
Attorney for Washington
Group International, Inc.
Boyle, Morrissey &
Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111

an answer to the third-party complaint which is served on you with this summons, within ___20___ days after
the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken
against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy
of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1)
this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment
against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil
Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim
of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court
within a reasonable period of time after service.

SARAH ALLISON THORNTON

CLERK

(By) DEPUTY CLERK

DATE        6/23/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTES

C.A. NO.: 05-10161-RBC

*****************************
SCOTT MCDONALD,

         Plaintiff,

V.

S.G. MARINO CRANE SERVICE
CORPORATION and WASHINGTON
GROUP INTERNATIONAL, INC.,

         Defendants.
*****************************

DEFENDANT S.G. MARINO CRANE SERVICE CORPORATION'S THIRD
PARTY COMPLAINT

1.    The defendant S.G. Marino Crane Service
Corporation ("Marino") is a Connecticut corporation with
a principal place of business at 25 Mill Street,
Middletown, CT.

2.    The Third Party Defendant, Duke/Fluor Daniel
("D/FD") is, on information and belief, a joint venture
of Fluor Corporation or its affiliates and Duke Energy
Corporation or its affiliates.  Fluor Corporation is, on
information and belief, a California corporation with a
principal place of business at 1 Enterprise Drive, Aliso
Viejo, CA.  Duke Energy Corporation is, on information
and belief, a North Carolina corporation, with a
principal place of business located at 526 South Church
Street, Charlotte, NC.

3.    The plaintiff has filed a Complaint against
Marino, a copy of which is attached as Exhibit 1,
alleging that on or about October 21, 2001, the plaintiff
was injured while working as a security guard at a
construction project known as the Sithe Energies Project
in North Weymouth, MA ("the project").  The plaintiff
alleges that he was injured when a sign that was
negligently attached to a crane owned by Marino, fell and

struck the plaintiff, causing the plaintiff to sustain injuries.

4.    On information and belief D/FD was responsible for managing and coordinating construction on the project at the time of the alleged accident.

5.    Marino leased the crane in question ("the crane") to D/FD pursuant to a so-called "bare rental agreement" ("the agreement") dated August 24, 2001. Pursuant to the terms and conditions of the agreement, D/FD agreed to maintain and repair the crane while it was located at the project.

6.    Under the terms and conditions of the agreement, D/FD agreed to defend, hold harmless, and indemnify Marino from any "claim of injury… arising from or in connection with the use or operation of the equipment or otherwise in connection therewith from the time that the leased equipment leaves its point of origin until it is returned to Lessor [Marino]…"

7.    The plaintiff's alleged injury arose from or in connection with the crane leased by Marino to D/FD.

8.    D/FD, its agents or employees, negligently operated, used, serviced, repaired or maintained the crane.

9.    As a direct and proximate result of D/FD's negligence, the sign located on the boom of the crane allegedly detached and fell, striking the plaintiff and causing him to sustain damages.

## I.    Indemnity

10.    Marino repeats and re-alleges paragraph 1-9 of the Third Party Complaint and incorporates the same by reference as if expressly re-written herein.

11.    According to the terms and conditions of the rental agreement for the crane, D/FD expressly or impliedly agreed to defend, indemnify, and hold harmless Marino in connection with the plaintiff's claim of injury.

12.  As a result, D/FD is liable to Marino for indemnity, plus interest, attorneys' fees, and costs. WHEREFORE, Marino demands judgment for indemnity against D/FD, plus interest, attorneys' fees, and costs.

## II.  Contribution

13.  Marino repeats and re-alleges paragraphs 1-12 of the Third Party Complaint and incorporates the same by reference as if expressly re-written herein.

14.  If the plaintiff establishes that Marino is liable to the plaintiff as is alleged in the plaintiff's Complaint, which liability Marino expressly denies, then D/FD is jointly and severally liable in tort to the plaintiff as a result of D/FD's negligence in operating, using, maintaining, or repairing the crane.

15.  As a result, D/FD is liable for contribution, pursuant to G. L. c. 231B, plus attorneys' fees, interest, and costs.

WHEREFORE, Marino demands judgment for contribution against D/FD, plus interest, attorneys' fees, and costs.

Respectfully submitted,
S.G. Marino Crane Service
Corporation
By its counsel,


Thomas M. Franco
BBO# 550596
Long & Leahy
100 Summer Street, 11th Fl
Boston, MA 02110
617-439-4777

DATE: _____

# EXHIBIT 1

1/10/2005    16:50    RC KNOX → 913123329819
JAN.10.2005    11:23AM    MARINO C'  'E SERVICE                                    NO. 751    P.5



## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
DOCKET NO.:

SCOTT MCDONALD )
    Plaintiff )
                            )
S. G. MARINO CRANE SERVICE )
CORPORATION AND WASHINGTON )
GROUP INTERNATIONAL, INC., )
    Defendants )

COMPLAINT AND
JURY DEMAND

### PARTIES

1. The Plaintiff, Scott McDonald (hereinafter referred to as "McDonald") is a resident of Rochester, New Hampshire, and at all times material hereto was employed as a security guard for Alliance Security.

2. The Defendant, S.G. Marino Crane Service Corporation, (hereinafter referred to as " S.G. Marino) is a corporation duly organized and existing under the laws of the State of Connecticut with a usual place of business at 25 Mill Street, Middletown, Connecticut.

3. The Defendant, Washington Group International, Inc. (hereinafter referred to as "Washington Group") is a corporation duly organized and existing under the laws of the State of Ohio with a usual place of business at 720 Park Boulevard, Boise, Idaho.

### COUNT 1

4. On or about October 21, 2001, the plaintiff was working as a security guard for Alliance Security at the Sithe Energies Project in Weymouth, Massachusetts.

5. At that date and time plaintiff, in the course of his duties and in the exercise of due care, was struck in the head, neck and right shoulder area and knocked to the ground by a sign which fell approximately 100 feet from the boom of a crane which was owned by the defendant, S.G. Marino and leased by the defendant, S.G. Marino to the defendant, Washington Group.

6. The defendant, S.G. Marino, negligently and carelessly attached a sign to the boom of it's crane and negligently and carelessly maintained said boom and said sign, and as a result, said sign fell from the boom creating a dangerous and unsafe condition without any warning.

7. As a direct and proximate result of defendant, S.G. Marino's said negligence the plaintiff was seriously injured, suffered great pain of body and mind, suffered permanent and disabling injuries, was unable to perform his usual jobs and was obliged to expend monies for reasonable and necessary medical care and expenses.

Wherefore, plaintiff, Scott McDonald, demands that judgment be entered against Defendant, S. G. Marino Crane Service Corporation, in an amount that will fairly and adequately compensate for plaintiff's pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II

8. The plaintiff hereby incorporates by reference paragraphs 1 through 5 of this Complaint.

9. The Defendant, Washington Group, negligently and carelessly attached a sign to the boom of it's leased crane and negligently and carelessly maintained said boom and said sign, and as a result, said sign fell from the boom creating a dangerous and unsafe condition without any warning.

10. As a direct and proximate result of defendant, Washington Group's said negligence the plaintiff was seriously injured, suffered great pain of body and mind, suffered permanent and disabling injuries, was unable to perform his usual jobs and was obliged to expend monies for reasonable and necessary medical care and expenses.

Wherefore, Plaintiff, Scott McDonald, demands that judgment be entered against Defendant, Washington Group International, Inc., in an amount that will fairly and adequately compensate for plaintiff's pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised in this Complaint.

For the Plaintiff
By his attorney,

George F. Miller, Esq.
Law Office of George F. Miller, P.C.
53 South Main Street
Randolph, MA 02368
(781) 986-0069
BBO #: 555163

Dated: October 18, 2004

Case 1:05-cv-10161-RBC    Document 27    Filed 08/11/2006    Page 18 of 25
Case 1:05-cv-10161-RBC    Document 24    Filed 07/28/2006    Page 11 of 14
Case 1:05-cv-10161-RBC    Document 18    Filed 03/09/2006    Page 1 of 3

# United States District Court
# District of Massachusetts

SCOTT MCDONALD,
Plaintiff,

v.                                    CIVIL ACTION NO. 05-10161-RBC

S. G. MARINE CRANE SERVICE
CORPORATION,
WASHINGTON GROUP
INTERNATIONAL, INC.,
Defendants.

## SCHEDULING
## ORDER - RULE 16(b), FED. R. CIV. P.

COLLINGS, U.S.M.J.

The Court enters the within Scheduling Order pursuant to Rule 16(b),

Fed. R. Civ. P.

(1)    Responses, answers and/or objections to all previously-served

written discovery shall be served **on or before the close of business on Tuesday,**

**April 18, 2006.**

(2)    All other set(s) of interrogatories and requests for production of

documents must be served *on or before the close of business on Tuesday, April 18, 2006;* responses, answers and/or objections shall be served *within the time provided by the Federal Rules.*

(2)   Any amendments to pleadings shall be filed and served *on or before the close of business on Friday, May 5, 2006.*

(3)   All other non-expert discovery shall be filed and/or served *on or before the close of business on Friday, August 25, 2006* and *COMPLETED on or before the close of business on Friday, September 29, 2006.*

(4)   The plaintiffs shall serve a full and complete expert report *on or before the close of business on Wednesday, October 25, 2006;* the defendants shall serve full and complete expert reports *on or before the close of business on Wednesday, November 29, 2006.*

(3)   Expert depositions shall be COMPLETED *on or before the close of business on Wednesday, January 17, 2007.*

(4)   Counsel shall report for a Status Conference on *Wednesday, October 4, 2006 at 2:15 P.M.* At said conference, counsel shall be prepared to discuss whether the case should be referred to mediation.  Also, counsel shall be

2

prepared to discuss in detail any contemplated dispositive motions.

/s/ Robert B. Collings

ROBERT B. COLLINGS
United States Magistrate Judge

February 21, 2006.

3

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Duke/Fluor Daniel
400 South Trynon St.
Charlotte, NC 28285
Attn: Corporate Officer

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7003 1010 0001 0804 4128

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

EXHIBIT 2

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Duke Energy Corporation
526 South Church Street
Charlotte, NC 28202-1904
Attn: Corporate Officer

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

C DAVIS                            7-26

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)   7003 1010 0001 0804 4135

PS Form **3811**, February 2004      Domestic Return Receipt      102595-02-M-154

**LONG & LEAHY**
*100 SUMMER STREET*
*BOSTON, MASSACHUSETTS 02110*
*TEL. (617) 439-4777 * FAX (617) 439-3153*

ROBERT A. LONG, JR.
JOHN F. LEAHY, JR.
THOMAS M. FRANCO
RICHARD J. POLIFERNO
STEVEN M. O'BRIEN
PAUL A. LADAS

KATHLEEN M. GREELEY
DIANE COLE LAINE
CATHERINE M. DOHERTY
JOSEPH LABADINI
LORI J. HARLING
DARREN J. RILLOVICK

June 29, 2006

(Via Certified Mail)

Duke Energy Corporation
526 South Church Street
Charlotte, NC 28202-1904
Attention: Corporate Officer

Re:     Scott McDonald v. S.G. Marino Crane Service Corporation v. Duke/Fluor
Daniel
U.S. District Court for the District of Massachusetts C.A.#: 05-10161-
RBC

Dear Sir/Madam:

Pursuant to Fed. R. Civ. P. 4(h) and M.G.L. 223A, sec.6, enclosed is a third party summons and complaint against Duke/Fluor Daniel. An answer to the third party complaint is required within twenty (20) days.

I am also enclosing a copy of the Court's Fed. R. Civ. P. 16(b) scheduling order.

Thank you for your attention to this matter.

Very truly yours,

Thomas M. Franco

TMF:alp
Enclosure
cc:     George F. Miller, Esq.
Anthony M. Campo, Esq.

*LONG & LEAHY*
*100 SUMMER STREET*
*BOSTON, MASSACHUSETTS 02110*
*TEL. (617) 439-4777 * FAX (617) 439-3153*

*ROBERT A. LONG, JR.*
*JOHN F. LEAHY, JR.*
*THOMAS M. FRANCO*
*RICHARD J. POLIFERNO*
*STEVEN M. O'BRIEN*
*PAUL A. LADAS*

*KATHLEEN M. GREELEY*
*DIANE COLE LAINE*
*CATHERINE M. DOHERTY*
*JOSEPH LABADINI*
*LORI J. HARLING*
*DARREN J. RILLOVICK*

June 29, 2006

(Via Certified Mail)

Fluor Corporation
One Enterprise Drive
Aliso Viejo, CA 92656-2606
Attn: Corporate Officer

Re:   Scott McDonald v. S.G. Marino Crane Service Corporation v. Duke/Fluor
        Daniel
        U.S. District Court for the District of Massachusetts C.A.#: 05-10161-
        RBC

Dear Sir/Madam:

Pursuant to Fed. R. Civ. P. 4(h) and M.G.L. 223A, sec.6, enclosed is a third party summons and complaint against Duke/Fluor Daniel. An answer to the third party complaint is required within twenty (20) days.

I am also enclosing a copy of the Court's Fed. R. Civ. P. 16(b) scheduling order.

Thank you for your attention to this matter.

Very truly yours,

Thomas M. Franco

TMF:alp
Enclosure
cc:   George F. Miller, Esq.
        Anthony M. Campo, Esq.