UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   05-CV10161-RBC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SCOTT MCDONALD,
          Plaintiff,

V.

S.G. MARINO CRANE SERVICE
CORPORATION and WASHINGTON
GROUP INTERNATIONAL, INC.,
          Defendants,

V.

DUKE/FLUOR DANIEL,
          Third Party Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION OF THE DEFENDANT S.G. MARINO CRANE SERVICE CORPORATION TO COMPEL PLAINTIFF SCOTT MCDONALD TO PRODUCE DOCUMENTS AND TO ANSWER INTERROGATORIES

NOW COMES the Defendant S.G. MARINO CRANE SERVICE CORPORATION ("Marino") and moves, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to compel the Plaintiff Scott McDonald to produce all the documents requested of him in response to Marino's Rule 34 request and to answer interrogatories within ten days of the allowance of this motion.

As grounds therefore, Marino states as follows:

1.   On April 7, 2005, Marino served the Plaintiff with its Rule 34 request and interrogatories, true copies of which are attached as Exhibit 1.

2.   Pursuant to the Court's scheduling order, the plaintiff was required to have served answers to these discovery requests by April 18, 2006.

3.  At the request of the plaintiff, Marino gave the plaintiff an extension to June 18, 2006.

4.  Despite numerous requests, the plaintiff has still failed to serve any answers to interrogatories or response to the Rule 34 request.

5.  The plaintiff's deposition has been delayed as Marino needs the written discovery responses before deposing the plaintiff. Further, under the scheduling order non-expert discovery is to be completed by September 29, 2006.

6.  Due to the nature of this motion, a separate memorandum of law is not required.

WHEREFORE, Marino respectfully requests that this Court allow its motion and order the Plaintiff to respond to the Rule 34 request, produce all of the requested documents and serve the answers to interrogatories within ten (10) days of the allowance of this motion.

## CERTIFICATE OF CONSULTATION

I, Thomas M. Franco, certify that I have conferred in good faith with the plaintiff's counsel, pursuant to LR 37.1, in an effort to resolve this discovery motion and that we could not reach a mutually satisfactory agreement.

Respectfully submitted,
Attorney for the Defendant,
S.G. MARINO CRANE SERVICE CORPORATION


_____
Thomas M. Franco
BBO # 550596
Long & Leahy
100 Summer Street, 11th Floor
Boston, MA  02110
Telephone: (617) 439-4777

DATE: _____

I hereby certify that a true copy of the above document was filed through the ECF system on September 18th, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   05-CV10161-NG

| | |
|---|---|
| SCOTT MCDONALD,<br>        Plaintiff<br><br>v.<br><br>S.G. MARINO CRANE SERVICE<br>CORPORATION AND WASHINGTON<br>GROUP INTERNATIONAL, INC.,<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTERROGATORIES PROPOUNDED BY THE DEFENDANT,
S.G. MARINO CRANE SERVICE CORPORATION, TO BE ANSWERED BY
THE PLAINTIFF, SCOTT MCDONALD**

**DEFINITIONS**

A.    "Product" means the exact product which is alleged to
have caused injury or damage to the plaintiff
including any packaging or accompanying literature.

B.    "Identify", with respect to a <u>person</u>, means the full
name, address, and business address of such person.

C.    "Describe", when used with respect to a conversation
or oral statement, means that the following
information shall be furnished:

    a.    names of all persons participating in the
conversation or making the statement;

    b.    names of all other persons present at the time
that the conversation or statement was made;

    c.    date that the conversation or statement was made;

    d.    place where the conversation or oral statement
was made; and

e.    the substance of the conversation or statement.

D.    "Identify", when used with respect to a <u>document</u>, means that the following information shall be furnished:

a.    its author;

b.    its date, or if undated, the date written or prepared;

c.    each person to whom copies were sent or delivered;

d.    its substantive content; and

e.    its present location and custodian or person who has possession or control over the document.

E.    "Incident" means and refers to the events culminating or resulting in the alleged injury to plaintiff.

## INTERROGATORIES

1.    Please state your full name, home address, occupation, business address, date of birth and social security number.

2.    With reference to the injuries you claim that you sustained as a result of this incident, please state:

a.    in detail all the injuries sustained by you, naming each part of the body affected and the manner in which it was affected;

b.    the name and address of each doctor, health care professional, and/or health care facility that treated you, and the date and nature of each treatment;

c.    the dates between which you were totally incapacitated from carrying out your usual activities;

d.    the dates between which you were partially incapacitated from carrying out your usual activities;

e.    if you claim that you are still suffering from your injuries, please state in what manner you are still so suffering; and

f.    in itemized detail, list each item or expense or element of damage sustained by you, or in your behalf, specifying doctors, hospital bills, medications, physical or other therapy, and any other item of damage.

3.   If you claim that because of the injuries you have described in answer to the above Interrogatory, you received injuries that prevented you from following your usual activities, occupation or studies, please state:

a.    the nature of your activities or occupation at the time you were injured;

b.    by whom you were employed, if you worked for someone else or if you were a student, where you went to school.

c.    your average weekly wages, salary or income at your usual occupation or your earning capacity;

d.    the date on which you first resumed your usual activities or returned to school or work after receiving the injuries; and

e.    whether or not you were paid while out of work. If paid, specify the amount you were paid.

4.   If you have had any incident, illness or injury within five (5) years prior to the incident, or at anytime subsequent to the incident, please describe the following in complete detail:

a.    the exact nature and character of each such incident, illness or injury; and

b.    the name and address of each doctor, health care professional, hospital and/or health care

facility that treated you, and the date and
nature of each treatment and/or hospitalization.

5. If you now receive or have ever received any Social
Security payments, disability, pension, or insurance
or any workmen's compensation from any agency,
company, person, corporation, state or government,
please state:

   a. the nature of any such payment;

   b. the dates you received such income;
   c. for what injury or disability you received it and
      how such injury occurred or disability arose;

   d. by whom paid, including the payor's name, address
      and file number;

   e. whether you now have any present disability as a
      result of  such injuries or disability;

   f. if so, the nature and extent of such disability;

   g. whether you had any disability at the time of the
      incident referred to in the Complaint; and

   h. if so, the nature and extent of such disability.

6. Identify all witnesses by name and address who have
any knowledge of the facts alleged in your Complaint,
stating about which facts each has knowledge.

7. Identify each expert witness the Plaintiff expects to
call at the trial of this action and with respect to
each state:

   a. their name, address, and qualifications;

   b. the subject matter on which each is expected to
      testify;

   c. the substance of the facts and opinions to which
      each is expected to testify; and

   d. a summary of the grounds for each such opinion.

8.  With reference to the incident referred to in your
    Complaint, state:

    a.  the date and time of day thereof;

    b.  locate as accurately as you are able with
        reference to some fixed object, the exact spot
        where the alleged incident occurred; and

    c.  how it took place, specifying all details leading
        up to and including the happening thereof.

9.  If you claim that your injuries were caused by the
    lack of due care on the part of any person or entity
    please name each  such person or entity and specify
    precisely all those facts known to you which evidence
    such negligent acts and/or omissions by each such
    person or entity.

10. As of the time of the incident and prior thereto,
    please state fully and in complete detail each action
    that you took in the order in which you took them to
    prevent or minimize injury to yourself.

11. "Describe" (as set forth in the definition section)
    all conversations between you or anyone on your behalf
    and the defendant or anyone on behalf of the defendant
    concerning any of the facts or allegations contained
    in plaintiff's Complaint.

12. With reference to the product(s) which are claimed to
    have caused the plaintiff's injury (hereinafter
    referred to as the "product"), please state the
    following in full and complete detail:

    a.  the brand name, model, serial number, dimensions,
        and composition of each product;

    b.  the intended use and purpose of each product;

    c.  the events and circumstances under which the
        plaintiff came in contact with each product,
        stating the date when that first occurred;

    d.  the name and address of the owner of each product
        at the time of plaintiff's injury;

e.    when and from whom each product was
      purchased/leased; and

f.    the name and address of the person who presently
      has custody of each product.

13.  State whether you allege that the product(s) were
     defective in design, manufacture or assembly.  Set
     forth in full detail the precise nature of the defect
     which you allege caused your injury.

14.  Describe in complete detail all modifications,
     changes, alterations or repairs made to the product(s)
     either before or after this incident.  In your answer,
     state who made them and the date of each.

15.  With respect to any of the following information that
     you may have received prior to the incident with
     respect to your contact with the crane, please state
     in full detail, the nature, date, contents and source
     of such information, and whether the same was in
     written or oral form:

a.    training;

b.    instructions; and

c.    warnings.

16.  If you allege that this Defendant violated or failed
     to abide by any local, state or federal law,
     regulation or industry standard applicable to the
     design, manufacture, testing, distribution and/or sale
     of the product(s), please state:

a.    the number, citation or other identifying data
      for each such law or regulation; and

b.    how you allege each such law or regulation was
      violated in the manufacture, design, testing,
      distribution and/or sale of the product(s).

17.  With regard to the notice of breach of warranty, if
     any, given by you or on your behalf to this Defendant,
     please set forth verbatim the contents thereof (or
     attach hereto a copy thereof), the date on which said
     notice was given and the person on behalf of the

plaintiff by whom said notice was given, and the person at the Defendant to whom the notice was addressed.

18. If at any time prior to the incident alleged in your Complaint, the product(s) were involved in any other incident causing injury either to yourself anyone else, please describe the said incident in full and complete detail, giving the date, place, time, and circumstances and each person involved, identifying the persons involved by full name and address.

19. Please identify, by name and present or last known address, those persons whom you believe were witnesses to the incident.

20. Please identify, by name and present or last known address, those persons who were present at the place where the incident occurred either shortly before or shortly after the incident.

21. Please identify, by name and present or last known address, those persons whom you believe were witnesses to the condition of the product(s) which plaintiff alleges caused the incident and/or his injuries.

22. If you or anyone on your behalf interviewed or obtained statements (written or recorded) from any of the persons identified in answer to any of the three preceding Interrogatories, please state:

    a.   the name and present or last known address of the person interviewed;

    b.   the date and place of the interview; and

    c.   the name and present or last known address of the person who conducted the interview or obtained the statement on your behalf;

    d.   the name and present or last known address of the person who now has custody of any statement or

    e.   the contents of each statement or interview made (or, in the alternative, you may attach the statements or notes to these answers or produce the recording for copying).

23.  If you or anyone on your behalf took photographs or
     made an examination of the product or condition which
     plaintiff alleges caused the incident, state:

     a.   The date of said examination or photographs;

     b.   The name and address of the custodian of any said
          photographs;

     c.   The name and address of the person(s) conducting
          said examination or taking said photographs.

24.  Please state the name and address of each witness to
     any statements made by the agents, servants or
     employees of S.G. Marino regarding the happening of
     the plaintiff's incident, including therein the time,
     place and substance of each such statement.


                         Respectfully submitted,
                         The Defendant, S.G. Marino
                         By Counsel,


                         _____
                         John F. Leahy, Jr.
                         BBO # 289860
                         Long & Houlden
                         100 Summer Street, 11th Floor
                         Boston, MA  02110
                         (617) 439-4777


DATE  4-7-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-CV10161-NG

|  |  |
|---|---|
| SCOTT MCDONALD,<br>        Plaintiff<br>v.<br><br>S.G. MARINO CRANE SERVICE<br>CORPORATION AND WASHINGTON<br>GROUP INTERNATIONAL, INC.,<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REQUEST FOR PRODUCTION OF DOCUMENTS BY THE DEFENDANT, S.G.
MARINO CRANE SERVICE CORPORATION TO BE PRODUCED BY THE
PLAINTIFF, SCOTT MCDONALD**

The defendant, S.G. MARINO CRANE SERVICE CORPORATION (S.G.
MARINO), pursuant to Rule 34 of the Federal Rules of Civil
Procedure, request that the plaintiff, SCOTT MCDONALD,
produce or permit the said defendant to inspect, copy and
photograph all documents and things in the possession,
custody or control of said plaintiff as hereinafter
described.

The documents and things are to be produced at

Long & Houlden
100 Summer Street, 11 FL
Boston, MA 02110

on the thirtieth day after service of this Request, except
that compliance with this Request may be made by mailing
copies of such documents to said attorney, such mailing to
be postmarked prior to the thirtieth day following service
of said Request.

This request is to include all after-acquired documents of
the type to which reference is made.

DEFINITION:  As used herein, "documents and things" shall
include all types of recorded information, including but

not limited to writings, drawings, graphs, charts, photographs and phono records.

The documents and things requested are as follows:

1.    Each written, printed or graphic representation, statement, document, advertisement, catalog, circular, manual or brochure uttered or propounded by or on behalf of the Defendant which relates to the virtues, qualities, characteristics, capabilities or capacity of the crane or the dangers, limitations or propensities of the crane of which the Plaintiff and/or the person in contact with the crane were aware prior to the time of the incident.

2.    Each letter or communication whereby the Defendant was allegedly notified of the Plaintiff's incident and/or the Defendant's alleged breaches of warranty.

3.    Each piece of correspondence between the Plaintiff and the defendants, S.G. Marino Crane Service Corporation and/or Washington Group International, Inc.

4.    Each statement concerning this action or concerning the allegations contained in the Plaintiff's Complaint previously made by the Defendant or the Defendant's agents, servants or employees.  The word "statement" includes statements which have been recorded as well as those which have been reduced to writing, and includes unsigned as well as signed statements.

5.    All photographs of the Plaintiff reflecting in any way the injuries suffered allegedly as a result of the incident.

6.    All photographs of the product, any component part of the product or the scene of the incident which were taken either before or after the incident.

7.    All pleadings filed by the Plaintiff in any other law suit which arose out of the incident which is the subject of this Complaint.

8.    Each investigation report relating to the incident or to the product(s) alleged to have caused Plaintiff's injury prepared by the Plaintiff or by any agency,

bureau or commission of the federal government or of any state, local or municipal government.

9.   Any and all reports of attending physicians and/or health care professionals concerning the examination or treatment of the plaintiff with reference to the injuries alleged to have been sustained by the plaintiff in his Complaint.

10.  Duly executed authorizations for medical records from any and all hospitals, health care facilities, doctors, nurses, or other medical practitioners by whom the plaintiff was examined or treated for injuries alleged to have been sustained in the incident on which this Complaint is based.

11.  Full and complete records of any and all hospitals or health care facilities at which the plaintiff was examined or treated in the five (5) years prior to the date of the alleged incident.

12.  Full and complete records of any and all hospitals or other medical facilities concerning all examinations and treatments of the plaintiff between the date of the alleged incident and the present.

13.  Complete and itemized copies of any and all medical and hospital bills incurred by or on behalf of the plaintiff with regard to all injuries alleged by the plaintiff in his Complaint.

14.  All employer(s) and/or school(s) written confirmation or verification of the time and/or earnings lost as a result of this incident.

15.  Copies of the plaintiff's Federal Income Tax Returns for the three years preceding plaintiff's incident and each year subsequent thereto.

16.  Copies of the plaintiff's W-2 Forms for the three years preceding plaintiff's incident and each year subsequent thereto.

17.  Any and all written or other documentary evidence which relates to the issues of the plaintiff's damages.

18.  The product which allegedly gives rise to this
     litigation.  Said product should be produced for
     inspection and be available to be operated in the
     normal manner as described in the instruction
     materials which accompanied the product at the time of
     its sale to the consumer.  No further testing of the
     product is requested at this time.

                              Respectfully submitted,


                              John F. Leahy, Jr.
                              BBO # 289860
                              Long & Houlden
                              100 Summer Street, 11th Floor
                              Boston, MA  02110
                              (617) 439-4777