UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 05-10161-RBC

| | |
|---|---|
| SCOTT MCDONALD, | ) |
| Plaintiff, | ) |
| v. | ) |
| S.G. MARINO CRANE SERVICE CORPORATION and WASHINGTON GROUP INTERNATIONAL, INC., | ) |
| Defendants. | ) |
| S.G. MARINO CRANE SERVICE CORPORATION, | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| Duke/Fluor Daniel | ) |
| Defendant. | ) |

**THIRD PARTY DEFENDANT DUKE/FLUOR DANIEL'S OPPOSITION
TO JOINT MOTION TO EXTEND SCHEDULING ORDER**

Third Party Defendant Duke/Fluor Daniel ("DFD") hereby opposes the joint motion of Plaintiff and Defendants to extend the scheduling order in this matter. In support of this opposition, DFD states as follows:

1) Plaintiff commenced this lawsuit on October 20, 2004 by filing a complaint in Norfolk Superior Court, Civil Action No. 2004-01710. The tracking order issued by the State Court required that amendments to the pleadings occur by March 19,

2005, that discovery conclude by August 16, 2005, and that the case be disposed of by December 14, 2005.

2)   The matter was removed to this Court by Defendant Washington Group International, Inc. on or about January 28, 2005.

3)   On February 21, 2006, this Court issued a Scheduling Order requiring among other things that, "Any amendments to pleadings shall be filed and served ***on or before the close of business on Friday, May 5, 2006***."

4)   On or about March 20, 2006, Defendant Washington Group International, Inc. ("WGI") served its Rule 26(a)(1) initial disclosures upon Plaintiff. <u>See</u> Exhibit A hereto – Initial Disclosures without enclosures. As part of those initial disclosures, WGI included leases entered into between Marino Crane and "Fluor Daniel as Agents for Raytheon." These leases relate to the cranes being used on the subject construction project. Plaintiff alleges in his complaint that on or about October 21, 2001 a sign fell from a boom crane owned by S. G. Marino Crane and hit him on the shoulder causing injury.

5)   On or about March 30, 2006, Defendant S. G. Marino Crane ("Marino Crane") served its Rule 26(a)(1) automatic disclosures upon Plaintiff. <u>See</u> Exhibit B hereto – Automatic Disclosures with subject lease only. As part of those disclosures, Marino Crane produced a copy of the alleged lease relating to the specific crane involved in the injury of Plaintiff. The specific lease was allegedly entered into between Duke Fluor Daniel as Agent for Raytheon and Marino Crane on August 24, 2001.

6)   Now, almost two (2) years after commencing this lawsuit Plaintiff seeks to amend the tracking order to extend discovery and the time to amend the pleadings.

Further, almost five (5) years after Plaintiff's alleged injury, he indicates for the first time an intention to move for leave to amend the pleadings to file direct claims against DFD and Raytheon Company. Plaintiff was clearly on notice from at least March 30, 2006, about five (5) weeks prior to the date to amend the pleadings under this Court's February 21, 2006 Scheduling Order, of DFD's and Raytheon Company's involvement in the leasing of the subject crane. In fact, Marino Crane sought leave to bring a third party action against DFD on May 5, 2006. However, dismissal of that third party action against DFD is appropriate because DFD was the disclosed agent for Raytheon Company and further, the lease agreement requires any actions by Marino Crane on the lease to be brought in Connecticut.

7) To allow amendment of the Scheduling Order at this late date, considering the October 2004 filing of this action, will result in Plaintiff's filing an extremely untimely motion for leave to amend the Complaint. This Court should not indulge the Plaintiff in this regard. The court may justifiably refuse leave to amend on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

8) There is no excuse for Plaintiff's failure to move to amend the complaint upon receiving copies of the lease agreements from both WGI and Marino Crane. Marino Crane thought it necessary to timely move to bring a third party action against DFD, but Plaintiff apparently did not think it necessary to timely move to amend his Complaint. Again, this case has been pending since October 2004 and apparently little to

no discovery was conducted in all of 2005. Under the original State tracking order, timely amendment of the pleadings would have had to occur by March 19, 2005. By the grace of the removal, Plaintiff had the time frame to amend the pleadings extended until May 5, 2006. No amendment of the pleadings was ever sought by Plaintiff, now only providing notice of an intention to seek leave to amend at this late date.

9)   The intended amendment would also be futile because DFD and Raytheon Company had no duty to make sure a sign saying "Marino Crane" attached to Marino Crane's boom crane was properly affixed so that it would not fall and potentially injury third parties.

WHEREFORE, Third Party Defendant, Duke/Fluor Daniel, requests that the joint motion to extend the tracking order with respect to amendment of the pleadings be denied.

Respectfully submitted this 28th day of September 2006.

Duke/Fluor Daniel
By its counsel,

Andrew J. Tine
BBO#633639
Law Offices of Andrew J. Tine
345 Thames Street, 301N
Bristol, RI 02809
401-396-9002
atine@tinelaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-CV10161-NG

| | |
|---|---|
| SCOTT MCDONALD<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| S.G. MARINO CRANE SERVICE<br>CORPORATION AND WASHINGTON GROUP<br>INTERNATIONAL, INC.,<br>    Defendants | )<br>)<br>)<br>) |

**DEFENDANT, WASHINGTON GROUP INTERNATIONAL, INC.'S
INITIAL DISCLOSURE PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

NOW COMES the defendant Washington Group International and pursuant to Fed. R. Civ. P. 26(a)(1) hereby files and serves its initial disclosure.

A.  **NAMES OF PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION**

1.  Daniel Rayka
    Washington Group International

    Mr. Rayka will have information regarding the status of Washington Group International as it pertained to the Fore River project. Further, Mr. Rayka will have information regarding the status of the general contractor / prime contractor at the site of the Fore River project. Mr. Rayka has information that will disclose that Washington Group International was not onsite or a general contractor at the Fore River project from May, 2001 until the time that they came back on December 1, 2001.

2.  Representative from Duke / Fluor Daniel

    This representative will testify regarding the status of the Fore River site. Further, this representative will discuss the leases involving the Marino cranes

Exhibit A

and any issues regarding indemnification. Further, this individual will testify regarding inspections of the crane.

3. Representative from Marino / Carl Marino

   This person will discuss the nature of the bare rental agreement.

4. Jim T. Haley
   Duke / Fluor Daniel

   Mr. Haley will testify regarding the lease between Duke / Fluor Daniel and Marino Crane.

5. Edward Libby
   Alliance Security

   Mr. Libby was a supervisor at the Fore River project for Alliance Security, plaintiff's employer.
   Mr. Libby will describe plaintiff's work history and duties assigned to Fore River Power Plant.

6. Steve Ahearn
   Alliance Security

   Mr. Ahearn has information regarding the day of the incident, including, but not limited to the events leading up to and subsequent to plaintiff's alleged incident.

7. Pat Joyce
   Alliance Security

   Mr. Joyce has information regarding the day of the incident, including, but not limited to the events leading up to and subsequent to plaintiff's alleged incident.

8. Thaddeus Smith
   Alliance Security

   Mr. Smith has information regarding the day of the incident. Including, but not limited to the events leading up to and subsequent to plaintiff's alleged

Exhibit A

incident.

B. **DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS THAT ARE In THE POSSESSION, CUSTODY OR CONTROL OF WASHINGTON GROUP INTERNATIONAL TO SUPPORT ITS DEFENSES.**

Defendant, Washington Group International, Inc., hereby attaches the following documents pursuant to Federal R. Civ. P. 26(a)(1):

- Lease agreements between Marino Crane and Duke / Fluor Daniel

- Photographs of the jobsite and crane.

- Documents pertaining to the Mantowic Crane 2250.

Date: 3/24/06

THE DEFENDANT,
WASHINGTON GROUP INTERNATIONAL, INC.,
BY ITS ATTORNEYS,

_____
Anthony M. Campo, BBO# 552093
Michael P. Johnson, BBO# 641827
Boyle, Morrissey & Campo, P.C.
695 Atlantic Ave.
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

4862\PLEAD\rpd to pltf

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV10161-RBC

|  |  |
|---|---|
| SCOTT MCDONALD,<br>    Plaintiff<br>v.<br><br>S.G. MARINO CRANE SERVICE<br>CORPORATION AND WASHINGTON<br>GROUP INTERNATIONAL, INC.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**S.G. MARINO CRANE SERVICE CORPORATION'S AUTOMATIC DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1) AND LOCAL RULE 26.2**

Now comes the Defendant, S. G. Marino Crane Service, Inc., (hereinafter "Marino Crane") and submits its Automatic Disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2. The Defendant makes the following disclosures subject to, and without waiving its right to protect from disclosure (a) any and all communications protected by the attorney-client, work product, or any other applicable privilege, and (b) any and all confidential information until a suitable protective order is entered into to protect the confidentiality of all such information. The Defendant makes this disclosure with the best information available to it at the time disclosure is required. The Defendant may continue its investigation

Exhibit B

and will file supplemental disclosures should additional information subject to disclosure be obtained.

A.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION:

    1.   Larry Marino
        S. G. Marino Crane Service Corporation
        25 Mill Street
        Middletown, CT

    2.   Carl Marino
        S. G. Marino Crane Service Corporation
        25 Mill Street
        Middletown, CT

    3.   William Glowacki
        S. G. Marino Crane Service Corporation
        25 Mill Street
        Middletown, CT

All of the above individuals have knowledge of the terms and conditions of the rental of cranes by Marino Crane on the Sithe Fore River construction project.

B.   DOCUMENTS THAT ARE IN THE POSSESSION, CUSTODY, OR CONTROL OF MARINO CRANE AND THAT IT MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES:

    1.   Attached rental documents concerning the rental of a 300-ton Manitowoc Crane model 2250 S3 (serial # 2251124), including bare rental agreement dated August, 24, 2001. The documents are produced based on the representation by the co-defendant Washington Group International, Inc. that this is the crane allegedly involved in the subject accident. Marino Crane, by this disclosure, does not in any way concede that this crane was involved in the alleged accident and reserves the right to supplement pending further investigation and discovery.

Exhibit B

C.  DAMAGES:

   Not Applicable.

D.  UPON INFORMATION AND BELIEF, THE FOLLOWING INSURANCE AGREEMENTS MAY BE AVAILABLE TO SATISFY PART OR ALL OF A JUDGMENT THAT MAY BE ENTERED:

   1.  Lexington Insurance Company - Primary Coverage - $1,000,000 per occurrence.

| I hereby certify that a true copy of the above document was served upon each attorney of record by mail on March 30th, 2006. | Respectfully submitted,<br><br>_____<br>Thomas M. Franco, Esq.<br>BBO# 550596<br>Long & Leahy<br>100 Summer Street, 11th Floor<br>Boston, MA  02110<br>Telephone (617) 439-4777 |
|---|---|

DATE: _____

Exhibit B



# MARINO CRANE

**To:** Duke Fluor Daniel as Agent for Raytheon
One Bridge Street
North Weymouth, Massachusetts 02191
(781) 335-0775 Facsimile

**Attn:** George Trianta

**Subject:** Bare Rental Agreement of: 300-Ton Manitowoc Crane (#1124) Model 2250 S3, Serial #2251124 with 220' Long Reach Main Boom, 60' #132 Jib, Load Block, Ball and All Safety Equipment.

**Terms:** Rental as outlined below.

1. Bare Rental to start August 27, 2001 at the Fore River Power Plant in North Weymouth, Massachusetts.
   Bare Rental Rate is $25,000.00 per month plus tax.
   Transportation to the jobsite $12,000.00.
   Transportation from the jobsite $12,000.00.
   Technical Representative to assist in erection and dismantling at $125.00 per straight time hour.
   Duke Fluor Daniel as Agent for Raytheon to supply assist crane and all labor to erect, operate, and dismantle the crane.

2. Duke Fluor Daniel as Agent for Raytheon must supply a Certificate of Insurance naming the S.G. Marino Crane Service as additional insured covering Item #8 of this agreement with a $1,700,000.00 value for the crane.

3. **Equipment:**
   Lessee agrees that the equipment leased hereunder is leased "as is" and is of a size, design and capacity selected by Lessee and that Lessee is satisfied that the same is suitable for Lessee's purposes, and that Lessor has made no representation or warranty with respect to the suitability or durability of said equipment for the purposes and uses of Lessee, or any other representation or warranty, express or implied, with respect thereto, including the implied warranties of merchantability and fitness for a particular purpose.

4. **Billing Period:**
   Rates apply from the time equipment leaves its point of origin until it is returned and shall be paid upon receipt of invoice. Rates are based on either a 40-Hour week or 176-Hour month. If equipment is used in excess of the hourly base, a charge for each excess hour of use will be made at 1/40th or 1/176th, as applicable, of the stated rate.

Exhibit B

5. **Care Of Equipment:**
Lessee agrees to protect said equipment properly as recommended by the manufacturer thereof, to maintain at Lessee's own expense, said equipment and all its appurtenances and parts, and to keep the same in good repair and operating condition.

6. **Return of Equipment:**
Upon the expiration of the term of this lease, the Lessor shall be entitled to immediate possession of said equipment and all its appurtenances and parts to the Lessor's place of business as stated herein, in good order and condition, normal wear and tear and depreciation due only to ordinary and careful use expected, transportation charges prepaid.

7. **Damage Of Equipment:**
Lessee agrees to assume all risks of damage to or loss of said equipment from the time it is shipped from the Lessor's place of storage until its return thereto by Lessee.

8. **Insurance and Liability of Lessee:**
Lessee assumes full responsibility for and indemnifies Lessor against and will protect and save Lessor against harm from any and all loss, liability, damage, and expense in connection with any injury or claim of injury of Lessee's employees and will save Lessor harmless from any and all loss, liability, damage and expense to other persons or any property arising from or in connection with the use or operation of the leased equipment or otherwise in connection therewith from the time the leased equipment leaves its point of origin until it is returned to Lessor, and Lessee, at its own expense, will defend all claims and suits relating to any such alleged loss, liability, damage, or etc. Lessee will carry insurance coverage naming Lessor as an insured to the extent of the total value of the leased equipment as set forth on the first page of this agreement for protection against All Risks of physical loss or damage. The policy shall specifically cover damage to booms while operating machine, including collision with any object as well as losses due to overload of machine. Lessor shall be named as Loss Payee. The Lessee shall deliver certificates of insurance to Lessor, evidencing Comprehensive Public Liability Insurance (including Contractual Liability) with minimum limits of $1,000,000.00 Combined Single Limit, Naming Lessor as an additional insured.

9. **Taxes:**
Lessee shall pay all sales taxes, use taxes, personal property taxes, assessments, ad valorem taxes, stamp and documentary taxes, and all other government charges, fines, fees or penalties whatsoever, whether payable by Lessor or Lessee or others relating to the Equipment or the use, registration, rental, shipment, transportation, delivery or operation thereof, other than federal or state income and franchise taxes of Lessor. Upon demand, Lessee shall reimburse Lessor for any such taxes, assessments, charges, fines or penalties that Lessor must pay or may be compelled to pay in connection with the equipment.

10. **Permits:**
Lessee shall provide permits, licenses, air rights, etc. necessary for the operation and use of the equipment or any parts thereof. Lessee shall comply with all laws, regulations and ordinances applicable to the use, possession, and operation of the equipment.

11. **Title:**
Lessee shall not assign this lease nor sublease said equipment without written consent of the Lessor, and title to said equipment shall at all times remain vested in the Lessor.

12. **Repairs:**
Lessee agrees to make all repairs to said equipment with the exception of major components such as engine, converter, boom hoist, etc. However, Lessee agrees that should evidence, physical or otherwise, indicate negligence on the part of Lessee's employees, then Lessee will bear responsibility for such component repair or replacement.
The rate for a mechanic supplied by the S.G. Marino Crane Service Corp will be billed at $70.00 per hour plus $0.35 per mile portal to portal from Middletown, Connecticut.

*Exhibit B*

### 13. Collection:

In the event that Lessee fails to make payments when due hereunder, Lessee agrees that interest on said unpaid amounts shall accrue at the rate of one and one half per cent (1.5%) per month, compounded monthly.

In the event that Lessor is forced to retain an attorney to collect any amount due it under this agreement, the Lessee shall be responsible for all costs of collection, including reasonable attorney's fees.

### 14. Choice of Law:

The parties agree that this Agreement is entered into in the State of Connecticut and that it shall be construed in accordance with the laws of the State of Connecticut. Connecticut shall be the sole situs for any action commenced and Lessee hereby consents to jurisdiction of the courts of the State of Connecticut.

### 15. Assignment:

Without Lessor's prior written consent, Lessee shall not (a) assign, transfer, pledge, or otherwise dispose of this lease, the equipment, or any interest therein or (b) sublet or lend the equipment or permit it to be used by anyone other than Lessee or Lessee's employees.

Lessor may assign this lease or grant a subsidiary interest in the equipment in whole or in part without notice to Lessee and Lessor's assignee or secured party may then assign this lease or the security agreement without notice to Lessee. Each such assignee or secured party shall have all the rights, but none of the obligations, of Lessor under this lease. Lessee shall recognize such assignments or security agreements and shall not assert against the assignees or the secured parties any defense counterclaim or offset Lessee may have against Lessor. In spite of any such assignment, Lessor warrants that Lessee shall quietly enjoy use of the equipment, subject to the terms and conditions of this lease. Subject to the foregoing, the lease inures to the benefit of and is binding on the respective heirs, legatees, personal representatives, successors, and assigns of Lessor and Lessee.

### 16. Severability:

If any portion of this agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**Lessor's Approval**

| | |
|---|---|
| Approved: | S.G. Marino Crane Service Corp. |
| By: | [signature] |
| Title: | Office Manager, William W. Glowacki |
| Date: | August 24, 2001 |

**Lessee's Acceptance**

| | |
|---|---|
| Lessee's Name: | |
| By: | |
| Title: | |
| Date: | |


Exhibit B