```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

                              Civil Action No. 05-CV-10161-RBC

SCOTT McDONALD,            )
     Plaintiff             )
                           )
     v.                    )    PLAINTIFF'S MANDATORY DISCLOSURES
                           )
S.G. MARINO CRANE SERVICE  )
CORPORATION,and WASHINGTON )
GROUP INTERNATIONAL, INC., )
     Defendants            )
                           )
     v.                    )
                           )
DUKE/FLUOR DANIEL,         )
     Third-Party Defendant )
```

The plaintiff tenders the following Mandatory Disclosure materials to the defendants and third-party defendant, pursuant to Fed. R. Civ. P. 26(a)(1):

**WITNESSES - Fed. R. Civ. P. 26 (a) (1) (A)**

1. Scott McDonald, Center Ossipee, NH

2. Robert A. DiTullio, M.D., 157 Washington Street, Quincy, MA

3. Marvin Rosen, M.D., Braintree, MA

4. Frank A. Graf, M.D., 152 Court Street, Portsmouth, NH

5. Other treating physicians and health care providers identified in the plaintiff's medical records

6. Friends and family of the plaintiff to testify to his damages

7. Pat Joyce, c/o Alliance Security

8. Shaun [last name presently unknown], c/o Alliance Security. The plaintiff is unaware of any witnesses to the sign

striking him but is aware of witnesses who responded when he was injured, including Pat Joyce and another security officer named Shaun (Witness Nos. 7-8).  He does not know the names of other such witnesses.  Witness Nos. 2-6 have information relevant to the plaintiff's damages.  Mr. McDonald (Witness No. 1) has information relevant to both liability and damages.  The plaintiff anticipates calling additional percipient and expert witnesses, including those identified and those to be identified in the defendants' Rule 26(a) disclosures and discovery responses, on issues relating to the defendants' liability and possibly the plaintiff's damages.

**RELEVANT DOCUMENTS - Fed. R. Civ. P. 26 (a) (1) (B)**

1. Plaintiff's Medical Records - Quincy Medical Center
2. Plaintiff's Medical Records - Frank A. Graf, M.D.
3. Plaintiff's Medical Records - Robert A. DiTullio, M.D.
4. Plaintiff's Medical Records - Marvin Rosen, M.D.
5. Plaintiff's Medical Records - Mass Bay Regional MRI Center
6. Plaintiff's Medical Records - Stroke Recovery Systems, Inc. (Muscle stimulation unit)
7. Plaintiff's Medical Records - Dr. O'Connell's Pain Care Centers, Inc.
8. Plaintiff's Medical Records - Frisbee Memorial Hospital
9. Plaintiff's Medical Records - N.E. Physical Therapy Plus
10. Plaintiff's Medical Bills - Quincy Medical Center

11. Plaintiff's Medical Bills - Frank A. Graf, M.D.

12. Plaintiff's Medical Bills - Robert A. DiTullio, M.D.

13. Plaintiff's Medical Bills - Mass Bay Regional MRI Center

14. Plaintiff's Medical Bills - Stroke Recovery Systems, Inc.

15. Plaintiff's Medical Bills - Dr. O'Connell's Pain Care Centers, Inc.

16. Plaintiff's Medical Bills - Frisbee Memorial Hospital

17. Plaintiff's Medical Bills - Fallon Ambulance

18. Plaintiff's Medical Bills - N.E. Physical Therapy Plus

19. Documents related to Plaintiff's Employment

20. Workers compensation pleadings

21. Photographs.

Copies of the above records have been or will be sent to the defendants and third-party defendant. The plaintiff notes that his medical records, reports and bills may not be complete and anticipates that he may receive additional medical records, reports and bills, which he will produce to the defendants and third-party defendant in the future.

**DAMAGES COMPUTATION - Fed. R. Civ. P. 26 (a) (1) (C)**

The plaintiff's damages are incapable of exact computation. The plaintiff's damages include, without limitation, the costs of his reasonable and necessary past, present and future medical and therapeutic care and treatment, the value of his lost earnings and lost earning capacity, the value of his pain, suffering and

emotional distress, and the value of his loss of the pleasures and enjoyments of life.

Mr. McDonald had been injured while at work as a security guard, when a sign blew off a crane and struck him, knocking him to the ground. He was removed from the scene of the injury by ambulance and treated at Quincy Medical Center Emergency Room for complaints of back pain, neck pain, shoulder pain and ankle pain. He was subsequently treated by Dr. Robert DiTullio, Dr. Frank Graff, and O'Connell Pain Centers, *inter alia*. Mr. McDonald was diagnosed as having sustained a herniated disc at L5-S1, cervical strain with radiculopathy, right shoulder strain, and right ankle strain. Treatment included referrals for MRIs, physical therapy and pain management. An insurer's medical examination conducted during the course of workers compensation proceedings concluded that Mr. McDonald's injuries were causally related to the sign falling upon him, that his treatment was necessary and appropriate, that he required continuing pain management, and that he was disabled from all but sedentary and light duty work. Mr. McDonald's workers compensation lump sum settlement was approved by the Massachusetts Department of Industrial Accidents in the sum of $90,000.00, which included weekly partial disability benefits prorated over Mr. McDonald's then life expectancy of 35.5 years. Total workers compensation payments equaled approximately $131,000.00. Any funds recovered by Mr.

McDonald in the instant action must be applied to pay a lien in the latter amount. The foregoing considerations will be factored into the plaintiff's damages calculation. Such calculation has not been finalized at this time.

**Insurance Agreement - Fed. R. Civ. P. 26 (a) (1) (D)**

    None.

By his Attorney,

_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA  02109-3504
(617)  227-1848
October 6, 2006

**CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

Thomas M. Franco, Esquire
Long & Leahy
100 Summer Street
11th Floor
Boston, MA 02110;

Anthony M. Campo, Esquire
Michael P. Johnson, Esquire
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Suite 300
Boston, MA 02116; and

Andrew J. Tine, Esquire
Law Offices of Andrew J. Tine
345 Thames Street
Suite 301N
Bristol, RI  02809.

    /s/ Mark F. Itzkowitz
    MARK F. ITZKOWITZ (BBO #248130)

Dated:  October 6, 2006