UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 05-10161-RBC

| | |
|---|---|
| SCOTT MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| S.G. MARINO CRANE SERVICE CORPORATION and WASHINGTON GROUP INTERNATIONAL, INC., | ) ) ) |
| | ) |
| Defendants. | ) ) |
| S.G. MARINO CRANE SERVICE CORPORATION, | ) ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Duke/Fluor Daniel | ) |
| | ) |
| Defendant. | ) ) |

**THIRD PARTY DEFENDANT DUKE/FLUOR DANIEL'S OPPOSITION TO DEFENDANT S.G. MARINO CRANE SERVICE CORPORATION'S MOTION TO IMPLEAD A THIRD PARTY DEFENDANT, RAYTHEON COMPANY**

Third Party Defendant Duke/Fluor Daniel ("DFD") hereby opposes the Defendant S.G. Marino Crane Service Corporation's ("Marino") motion to amend its third party complaint to implead Raytheon Company as an additional third party defendant. The motion should be denied because it is futile. The court may justifiably refuse leave to amend on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility of the proposed

amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993).

The lease agreement which relates to the crane allegedly involved in injury to the plaintiff is attached hereto as "Exhibit A." This Court may rely upon same in denying this motion to amend because it is specifically referred to in the third party complaint. See Venture Assoc's Corp. v. Zenith Data Sys., 987 F.2d 429, 431 (7th Cir. 1993) (indicating that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim").

The subject lease agreement states as follows:

> 14. Choice of Law:
> The parties agree that this Agreement is entered into in the State of Connecticut and that it shall be construed in accordance with the laws of the State of Connecticut. Connecticut shall be the sole situs for any action commenced and Lessee hereby consents to jurisdiction of the courts of the State of Connecticut.

"Federal law dictates that a court should enforce a forum selection clause in a contract unless the objecting party can 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" R.W. Granger & Sons, Inc. v. Rojac Company, Inc., 885 F.Supp. 319, 321 (1995), citing The Bremen v. Zapata Off Shore Co., 407 U.S. 1, 15 (1972). "The standard in this Circuit for establishing that a forum selection cause is unreasonable requires that a resisting party must present evidence of fraud, undue influence, overwhelming bargaining power or such serious inconvenience in litigating in the

selected forum that it is effectively deprived of its day in court." Hailer v. Lemar Laboratories, 1983 U.S. Dist. LEXIS 13433, *citing* The Bremen at 12-19. "The burden of resisting the forum selection clause is a heavy one." Alan Nisselson v. Lernout, et al., 2004 U.S. Dist. LEXIS 13648 *citing* Doe v. Seacamp Ass'n., Inc., 276 F. Supp.2d 222, 225 (D.Mass. 2003).

The lease agreement being enforced is Marino's form of agreement. Marino imposed Connecticut as its choice of forum because its principal offices are in Connecticut. Marino cannot now argue that it was forced to include this provision in its agreement, that it lacked bargaining power or that it would be unjust to enforce its own form of agreement.

WHEREFORE, Third Party Defendant, Duke/Fluor Daniel, requests that the motion to amend be denied on the grounds of futility given the enforceability of the forum selection clause.[1]

Respectfully submitted this 15th day of October 2006.

Duke/Fluor Daniel
By its counsel,

Andrew J. Tine
BBO#633639
Law Offices of Andrew J. Tine
345 Thames Street, 301N
Bristol, RI 02809
401-396-9002
atine@tinelaw.com

---

[1] DFD has a motion pending before this Court for dismissal of the third party complaint against it based upon several grounds, one of which is the forum selection clause requiring an action against it to be brought in Connecticut.



|         |                                                                                  |
|---------|----------------------------------------------------------------------------------|
| To:     | Duke Fluor Daniel as Agent for Raytheon                                          |
|         | One Bridge Street                                                                |
|         | North Weymouth, Massachusetts 02191                                              |
|         | (781) 335-0775 Facsimile                                                         |
| Attn:   | George Trianta                                                                   |
| Subject:| Bare Rental Agreement of: 300-Ton Manitowoc Crane                                |
|         | (#1124) Model 2250 S3, Serial #2251124 with 220' Long                            |
|         | Reach Main Boom, 60' #132 Jib, Load Block, Ball and All                          |
|         | Safety Equipment.                                                                |

Terms: Rental as outlined below.

1. Bare Rental to start August 27, 2001 at the Fore River Power Plant in North Weymouth, Massachusetts.
   Bare Rental Rate is $25,000.00 per month plus tax.
   Transportation to the jobsite $12,000.00.
   Transportation from the jobsite $12,000.00.
   Technical Representative to assist in erection and dismantling at $125.00 per straight time hour.
   Duke Fluor Daniel as Agent for Raytheon to supply assist crane and all labor to erect, operate, and dismantle the crane.

2. Duke Fluor Daniel as Agent for Raytheon must supply a Certificate of Insurance naming the S.G. Marino Crane Service as additional insured covering Item #8 of this agreement with a $1,700,000.00 value for the crane.

3. **Equipment:**
   Lessee agrees that the equipment leased hereunder is leased "as is" and is of a size, design and capacity selected by Lessee and that Lessee is satisfied that the same is suitable for Lessee's purposes, and that Lessor has made no representation or warranty with respect to the suitability or durability of said equipment for the purposes and uses of Lessee, or any other representation or warranty, express or implied, with respect thereto, including the implied warranties of merchantability and fitness for a particular purpose.

4. **Billing Period:**
   Rates apply from the time equipment leaves its point of origin until it is returned and shall be paid upon receipt of invoice. Rates are based on either a 40-Hour week or 176-Hour month. If equipment is used in excess of the hourly base, a charge for each excess hour of use will be made at 1/40th or 1/176th, as applicable, of the stated rate.

"Exhibit A"

5. **Care Of Equipment:**
Lessee agrees to protect said equipment properly as recommended by the manufacturer thereof, to maintain at Lessee's own expense, said equipment and all its appurtenances and parts, and to keep the same in good repair and operating condition.

6. **Return of Equipment:**
Upon the expiration of the term of this lease, the Lessor shall be entitled to immediate possession of said equipment and all its appurtenances and parts to the Lessor's place of business as stated herein, in good order and condition, normal wear and tear and depreciation due only to ordinary and careful use expected, transportation charges prepaid.

7. **Damage Of Equipment:**
Lessee agrees to assume all risks of damage to or loss of said equipment from the time it is shipped from the Lessor's place of storage until its return thereto by Lessee.

8. **Insurance and Liability of Lessee:**
Lessee assumes full responsibility for and indemnifies Lessor against and will protect and save Lessor against harm from any and all loss, liability, damage, and expense in connection with any injury or claim of injury of Lessee's employees and will save Lessor harmless from any and all loss, liability, damage and expense to other persons or any property arising from or in connection with the use or operation of the leased equipment or otherwise in connection therewith from the time the leased equipment leaves its point of origin until it is returned to Lessor, and Lessee, at its own expense, will defend all claims and suits relating to any such alleged loss, liability, damage, or etc. Lessee will carry insurance coverage naming Lessor as an insured to the extent of the total value of the leased equipment as set forth on the first page of this agreement for protection against All Risks of physical loss or damage. The policy shall specifically cover damage to booms while operating machine, including collision with any object as well as losses due to overload of machine. Lessor shall be named as Loss Payee. The Lessee shall deliver certificates of insurance to Lessor, evidencing Comprehensive Public Liability Insurance (including Contractual Liability) with minimum limits of $1,000,000.00 Combined Single Limit, Naming Lessor as an additional insured.

9. **Taxes:**
Lessee shall pay all sales taxes, use taxes, personal property taxes, assessments, ad valorem taxes, stamp and documentary taxes, and all other government charges, fines, fees or penalties whatsoever, whether payable by Lessor or Lessee or others relating to the Equipment or the use, registration, rental, shipment, transportation, delivery or operation thereof, other than federal or state income and franchise taxes of Lessor. Upon demand, Lessee shall reimburse Lessor for any such taxes, assessments, charges, fines or penalties that Lessor must pay or may be compelled to pay in connection with the equipment.

10. **Permits:**
Lessee shall provide permits, licenses, air rights, etc. necessary for the operation and use of the equipment or any parts thereof. Lessee shall comply with all laws, regulations and ordinances applicable to the use, possession, and operation of the equipment.

11. **Title:**
Lessee shall not assign this lease nor sublease said equipment without written consent of the Lessor, and title to said equipment shall at all times remain vested in the Lessor.

12. **Repairs:**
Lessee agrees to make all repairs to said equipment with the exception of major components such as engine, converter, boom hoist, etc. However, Lessee agrees that should evidence, physical or otherwise, indicate negligence on the part of Lessee's employees, then Lessee will bear responsibility for such component repair or replacement.
The rate for a mechanic supplied by the S.G. Marino Crane Service Corp will be billed at $70.00 per hour plus $0.35 per mile portal to portal from Middletown, Connecticut.

"Exhibit A"

### 13. Collection:

In the event that Lessee fails to make payments when due hereunder, Lessee agrees that interest on said unpaid amounts shall accrue at the rate of one and one half per cent (1.5%) per month, compounded monthly.

In the event that Lessor is forced to retain an attorney to collect any amount due it under this agreement, the Lessee shall be responsible for all costs of collection, including reasonable attorney's fees.

### 14. Choice of Law:

The parties agree that this Agreement is entered into in the State of Connecticut and that it shall be construed in accordance with the laws of the State of Connecticut. Connecticut shall be the sole situs for any action commenced and Lessee hereby consents to jurisdiction of the courts of the State of Connecticut.

### 15. Assignment:

Without Lessor's prior written consent, Lessee shall not (a) assign, transfer, pledge, or otherwise dispose of this lease, the equipment, or any interest therein or (b) sublet or lend the equipment or permit it to be used by anyone other than Lessee or Lessee's employees.

Lessor may assign this lease or grant a subsidiary interest in the equipment in whole or in part without notice to Lessee and Lessor's assignee or secured party may then assign this lease or the security agreement without notice to Lessee. Each such assignee or secured party shall have all the rights, but none of the obligations, of Lessor under this lease. Lessee shall recognize such assignments or security agreements and shall not assert against the assignees or the secured parties any defense counterclaim or offset Lessee may have against Lessor. In spite of any such assignment, Lessor warrants that Lessee shall quietly enjoy use of the equipment, subject to the terms and conditions of this lease. Subject to the foregoing, the lease inures to the benefit of and is binding on the respective heirs, legatees, personal representatives, successors, and assigns of Lessor and Lessee.

### 16. Severability:

If any portion of this agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

Lessor's Approval

| | |
|---|---|
| Approved: | S.G. Marino Crane Service Corp. |
| By: | *[signature]* |
| Title: | Office Manager, William W. Glowacki |
| Date: | August 24, 2001 |

Lessee's Acceptance

| | |
|---|---|
| Lessee's Name: | |
| By: | |
| Title: | |
| Date: | |


"Exhibit A"