UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10161-RBC

|  |  |  |
|---|---|---|
| SCOTT McDONALD, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **LEAVE TO AMEND COMPLAINT** |
| S.G. MARINO CRANE SERVICE | ) | **TO ASSERT DIRECT CLAIMS AGAINST** |
| CORPORATION, and WASHINGTON | ) | **THIRD-PARTY DEFENDANT AND** |
| GROUP INTERNATIONAL, INC., | ) | **PRESUMPTIVE THIRD-PARTY DEFENDANT** |
| Defendants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DUKE/FLUOR DANIEL, | ) | |
| Third-Party Defendant | ) | |

Scott McDonald, the plaintiff, hereby moves this Court, pursuant to Fed. R. Civ. P. 14(a) and Fed. R. Civ. P. 15, for leave to amend his Complaint to assert direct claims against existing third-party defendant, Duke/Fluor Daniel, and against presumptive third-party defendant, Raytheon Company.  A copy of the proposed Amended Complaint is filed herewith.

In support of his Motion, the plaintiff relies upon his memorandum of law, filed herewith.

By his Attorney,

_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA  02109-3504
(617)  227-1848
November 16, 2006

## CERTIFICATE OF SERVICE

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

Thomas M. Franco, Esquire
Long & Leahy
100 Summer Street
11th Floor
Boston, MA 02110;

Anthony M. Campo, Esquire
Michael P. Johnson, Esquire
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Suite 300
Boston, MA 02116; and

Andrew J. Tine, Esquire
Law Offices of Andrew J. Tine
345 Thames Street
Suite 301N
Bristol, RI    02809; and

Mr. William H. Swanson,
    President
Raytheon Company
780 Winter Street
Waltham, MA    02451

 /s/ Mark F. Itzkowitz
MARK F. ITZKOWITZ (BBO #248130)

Dated:  November 17, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10161-RBC

| | | |
|---|---|---|
| SCOTT McDONALD, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S MEMORANDUM IN SUPPORT** |
| | ) | **OF PLAINTIFF'S MOTION FOR** |
| S.G. MARINO CRANE SERVICE | ) | **LEAVE TO AMEND COMPLAINT** |
| CORPORATION,and WASHINGTON | ) | **TO ASSERT DIRECT CLAIMS AGAINST** |
| GROUP INTERNATIONAL, INC.,) | | **THIRD-PARTY DEFENDANT AND** |
| Defendants | ) | **PRESUMPTIVE THIRD-PARTY DEFENDANT** |
| | ) | |
| v. | ) | |
| | ) | |
| DUKE/FLUOR DANIEL, | ) | |
| Third-Party Defendant | ) | |

## STATEMENT OF THE CASE

Scott McDonald, the plaintiff, commenced the instant tort
action in the Norfolk County Massachusetts Superior Court on
October 18, 2004, to recover damages for personal injuries he had
suffered on October 21, 2001.  Mr. McDonald had been working as a
security guard for Alliance Security at the Sithe Energies
Project located at the Fore River Power Plant in Weymouth,
Massachusetts, when a sign bearing the logo of defendant, S. G.
Marino Crane Service Corporation ("Marino"), detached from the
boom of a crane, fell approximately 100 feet, and struck Mr.
McDonald in his head, neck and right shoulder.  Mr. McDonald
understood the crane to have been owned and/or operated by
defendant Marino, and to have been under the control of either or
both defendants Marino and Washington Group International, Inc.
("WGI").  Both defendants were alleged to have been negligent in

the manner in which they attached and maintained the sign and the crane.

Defendant WGI answered, cross-claimed against Marino, and noticed the removal of this action to this Court in January 2005. Removal occurred in February, 2005. Defendant Marino answered and cross-claimed against WGI in April 2005. The initial Scheduling Conference was held on March 9, 2006, and an initial Scheduling Ordered entered that day. The two defendants filed their initial Rule 26 Disclosures later in March, 2006.

In May 2006, defendant Marino moved for leave to implead Duke/Fluor Daniel ("D/FD") as a third-party defendant. The Third-Party Complaint alleged that D/FD was responsible for managing and coordinating the construction project at which Mr. McDonald had been injured; that D/FD had rented from defendant Marino the crane from which the sign had detached and had fallen onto Mr. McDonald; that the rental agreement had transferred maintenance and repair responsibilities to D/FD; that D/FD had been negligent in the use, operation, service, repair and maintenance of the crane; and that the rental agreement obliged D/FD to indemnify defendant Marino for any claims connected to the use of the crane. The Third-Party Complaint, in addition to alleging D/FD's negligence, asserted claims for indemnification and contribution. This Court granted leave for defendant Marino to implead D/FD on May 23, 2006.

2

D/FD twice moved to dismiss the Third-Party Complaint, alleging that its role in the rental of the crane was as agent of Raytheon Company, a principal disclosed in the rental agreement. D/FD withdrew the first such motion to dismiss.  The second motion remains pending before this Court.  In apparent response to D/FD's motions to dismiss, defendant Marino moved for leave to implead Raytheon Company ("Raytheon") as an additional third-party defendant.  Raytheon has not opposed that motion although D/FD has.  That Motion also remains pending before this Court.

In September 2006, the plaintiff changed counsel.  Mr. McDonald and the defendants jointly moved to extend the Scheduling Order.  This Court allowed the joint motion on October 5, 2006, over D/FD's opposition.  The deadlines for adding new parties and for conducting discovery were extended.

Mr. McDonald has moved to assert direct claims against the two third-party defendants, D/FD and Raytheon.  The proposed Amended Complaint is filed herewith.  The claims against D/FD and Raytheon sound in negligence and essentially track the existing claims against the current defendants, although stated in more detail, asserting that all of the defendants and third-party defendants were negligent and are jointly and severally liable for Mr. McDonald's damages.  This Memorandum is submitted in support of the plaintiff's Motion.

3

## ARGUMENT

The seventh sentence of Fed. R. Civ. P. 14(a) provides in relevant part:  "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff".  The rule does not provide a specific mechanism for asserting the direct claims and does not provide a time frame within which the plaintiff must assert them. The Advisory Committee Notes to the 1948 amendments to Rule 14, which added the sentence, permit both amendments to the original Complaint and new pleadings against the third-party defendant. See *Northbrook National Insurance Company v. J & R Vending Corporation*, 167 F.R.D. 643, 647 (E.D.N.Y. 1996)(holding that plaintiff was not required to amend complaint to assert direct claims against fifth-party defendant but treating separate complaint filed by plaintiff against fifth-party defendant as application for leave to amend complaint and allowing application).  *See also Manfrates v. Lawrence Plaza Limited Partnership*, 41 Mass. App. Ct. 409, 671 N.E.2d 506, *further app. rev. denied,* 423 Mass. 1114, 674 N.E.2d 246 (1996)(for seven years plaintiff proceeded directly against third-party defendant without moving to amend complaint, pursuant to language of Mass. R. Civ. P. 14(a) which is identical to Fed. R. Civ. P. 14(a) in relevant part, until plaintiff settled with defendant, at which

time plaintiff formally moved to amend complaint at Superior
Court justice's suggestion; allowance of motion to amend upheld
on appeal).  Applying the reasoning of _Northbrook_, Mr. McDonald
moves for leave to amend his Complaint to assert direct claims
against the third-party defendants while recognizing that
Magistrate Judge Boyle there ruled that such amendment is not
required by Fed. R. Civ. P. 14(a).  167 F.R.D. at 647.

     This Court should grant the plaintiff leave to amend his
Complaint in order to further the express mandate of Fed. R. Civ.
P. 15(a):  "leave [to amend a complaint] shall be freely given
when justice so requires", to allow the proper functioning of the
Rules of Civil Procedure, which are designed to "facilitate a
proper decision on the merits".  _Foman v. Davis_, 371 U.S. 178,
181-182 (1962), _quoting_ _Conley v. Gibson_, 355 U.S. 41, 48 (1957).
Although denial of a motion to amend is proper when a party has
engaged in "undue delay, bad faith or dilatory motive on the
party of the movant, repeated failure to cure deficiencies by
amendments previously allowed, undue prejudice to the opposing
party by virtue of allowance of the amendment, futility of
amendment, etc...", _Foman v. Davis_, 371 U.S. at 182, Mr. McDonald
has not engaged in any such conduct.

     The plaintiff's motion for leave to amend his Complaint is
timely under the amended Scheduling Order.  Nothing in Fed. R.
Civ. P. 14(a) or 15(a) renders the motion untimely.  The instant

5

motion has been filed within two months of new counsel appearing for Mr. McDonald and within six weeks of defendant Marino's motion to implead Raytheon.

The motion does not seek to add new parties.  D/FD already is a third-party defendant.  Raytheon has been notified of and has not opposed defendant Marino's effort to add it as a third-party defendant.  Moreover, representations asserted by defendant Marino in footnote 1 (page 5) of its "Opposition of the Defendant/Third-Party Plaintiff S. G. Marino Crane Service Corporation to the Motion to Dismiss of the Third-Party Defendant Duke/Fluor Daniel" (Document No. 30) provide a basis for finding that WGI and Raytheon were engaged in a subsidiary-parent corporate relationship at the time that Mr. McDonald was injured, and that D/FD had been engaged by Raytheon to serve as the general contractor/construction manager for the Sithe Energies Project when WGI no longer could perform those functions because it had become insolvent.  If borne out by discovery, all of the defendants and third-party defendants were engaged jointly in the project at which Mr. McDonald was injured at the time of his injuries and all knew or should have known of the circumstances which gave rise to his claim at the time that it accrued.

The facts which identify D/FD and Raytheon as potential parties defendant are set forth in the rental agreements between them and defendant Marino and in the documents reflecting payment

of the rental fees by Raytheon.  All of those documents became
known to the plaintiff only through discovery in this action.

The case is relatively early in its revised discovery phase.
There will be sufficient time for all of the parties to determine
the facts regarding the control, maintenance, repair and
operation of the crane.  Trial has not been scheduled and is not
imminent.

There have been no previous amendments to the Complaint.  As
required by Fed. R. Civ. P. 14(a), the claims to be added in the
proposed Amended Complaint "aris[e] out of the transaction or
occurrence that is the subject matter of the plaintiff's claim
against the third-party plaintiff".

Most importantly, direct claims against the third-party
defendants will not prejudice any party.  D/FD has been a party
to the litigation since May 2006.  It has received the benefits
of discovery to date and will continue to participate fully in
discovery in the future.  It has participated actively in motion
practice since defendant Marino began its efforts to implead
D/FD.  Raytheon also will receive the benefits of the revised and
extended discovery schedule and will have the opportunity to
participate fully in discovery.  The opportunity to participate
in and to "catch up" on discovery generally negates prejudice.
_Northbrook_, 167 F.R.D. at 649; _Manfrates v. Lawrence Plaza_
_Limited Partnership_, 41 Mass. App. Ct. at 414, 671 N.E.2d at 509-

10 (although third-party defendant was added to litigation 14
months after action commenced and plaintiff did not move to
assert direct claims against third-party defendant for an
additional 7 years, third-party defendant suffered no prejudice
where it had participated fully in discovery and motion practice
after it had been added to litigation, especially where trial was
not imminent).  "In the absence of prejudice, the liberal
provisions of Rule 15(a), Fed. R. Civ. P., governing amendments
of pleadings is to be given effect." _Subaru of New England, Inc._
_v. General Ship Corporation_, 142 F.R.D. 578, 581 (D.Mass. 1992)
(Collings, M.J.).

        To the contrary, denial of the plaintiff's motion for leave
to amend to assert his direct claims against the third-party
defendants will prejudice Mr. McDonald.  The present defendants
will be able to defend against Mr. McDonald's claims by
"blaming", _Conneely v. Butterworth Jetting Systems, Inc._, 219
F.R.D. 25, 28 (D.Mass. 2003) (Collings, M.J.), the absent third-
party defendants, D/FD and Raytheon, for the negligence which
caused the sign to fall from the crane.  Use of the "'empty
chair' defense" is a "compelling ... equitable factor [which]
weighs in favor of granting" Mr. McDonald's motion for leave to
assert direct claims.  _Kelley v. Vermont Mutual Insurance_
_Company_, 407 F.Supp.2d 301, 309 (D.Mass. 2005) (Collings, M.J.).

        Finally, allowance of the plaintiff's motion would not be

8

futile.  Although "[a] motion to amend the complaint is futile if
the claims sought to be added are barred by the relevant statute
of limitations", _Northbrook_, 167 F.R.D. at 647, the "relation
back" doctrine of Fed. R. Civ. P. 15(c)(1) ensures that the
plaintiff's claims remain timely.  Rule 15(c)(1) provides that
"[a]n amendment of a pleading relates back to the date of the
original pleading when (1) relation back is permitted by the law
that provides the statute of limitations applicable to the
action".  Massachusetts law "provides the statute of limitations
applicable to [this diversity] action".  _Conneely_, 219 F.R.D. at
26-27.  The Commonwealth's liberal relation back doctrine is
codified in statute:

> In all civil proceedings, the court may at any time,
> allow amendments adding a party, discontinuing as to a
> party or changing the form of the action, and may allow
> any other amendment in matter of form or substance in
> any process, pleading or proceeding, which may enable
> the plaintiff to sustain the action for the cause or
> for recovery for the injury for which the action was
> intended to be brought, or enable the defendant to make
> a legal defense.  Any amendment allowed pursuant to
> this section or pursuant to the Massachusetts Rules of
> Civil Procedure shall relate to the original pleading.

M.G.L. c. 231, §51, _quoted in Conneely_, 219 F.R.D. at 27 (denying
defendant's motion to vacate order amending complaint to add
defendant as party).  Indeed, in Massachusetts practice the
expiration of a statute of limitations is reason for allowing a
motion to amend a complaint rather than for denying it.  M.G.L.
c. 231, §51; _Bengar v. Clark Equipment Co._, 24 Mass. App. Ct. 41,

9

46, 506 N.E.2d 147 (1987), *reversed on other grounds*, 401 Mass. 554, 517 N.E.2d 1286 (1988).

Mr. McDonald adopts the arguments asserted by defendant Marino about the need for discovery to explore the relationship between DF/D and Raytheon (and WGI) in Marino's "Opposition of the Defendant/Third-Party Plaintiff S. G. Marino Crane Service Corporation to the Motion to Dismiss of the Third-Party Defendant Duke/Fluor Daniel" (Document No. 30) with respect to D/FD's argument that it cannot be held liable in this action because it allegedly acted only as agent of a disclosed principal, Raytheon. Moreover, unlike the contractual indemnity claims asserted by defendant Marino against the third-party defendants, Mr. McDonald's claims against the third-party defendants sound in tort, based upon the third-party defendants' alleged negligent oversight of the Sithe Energies Project and upon their negligent use, operation, service, repair and maintenance of the crane. Such claims do not depend upon whether or not Raytheon was disclosed as D/FD's principal.  "[A]n agent who commits a tort is not relieved from liability because he acted at the command or on account of the principal." *Orell v. UMass Memorial Medical Center, Inc.*, 203 F.Supp.2d 52, 69 (D.Mass. 2002), *citing inter alia, Refrigeration Discount Corp. v. Catino*, 330 Mass. 230, 235, 112 N.E.2d 790, 793 (1953)(corporate president/director held personally liable for conversion of plaintiff's property even

10

though conversion committed in official capacity for benefit of corporation) *and* *Kennedy v. Shain*, 288 Mass. 458, 459, 192 N.E.2d 924 (1934)(same).

Examination of the relevant "factors in the context of the facts of the present case plainly weigh in favor of allowing the amendment, *Conneely*, 219 F.R.D. at 27, especially where the amendment only seeks to assert direct claims pursuant to Fed. R. Civ. P. 14(a) against third-party defendants already involved in the litigation.

<u>**CONCLUSION**</u>

For all of the above reasons, the plaintiff respectfully requests this Court to grant him leave to amend his Complaint to assert direct claims against the third-party defendants, D/FD and Raytheon.

By his Attorney,

_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA  02109-3504
(617)  227-1848
November 17, 2006

## CERTIFICATE OF SERVICE

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

Thomas M. Franco, Esquire
Long & Leahy
100 Summer Street
11th Floor
Boston, MA 02110;

Anthony M. Campo, Esquire
Michael P. Johnson, Esquire
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Suite 300
Boston, MA 02116; and

Andrew J. Tine, Esquire
Law Offices of Andrew J. Tine
345 Thames Street
Suite 301N
Bristol, RI    02809; and

Mr. William H. Swanson,
    President
Raytheon Company
780 Winter Street
Waltham, MA    02451

  /s/ Mark F. Itzkowitz
MARK F. ITZKOWITZ (BBO #248130)

Dated:  November 17, 2006

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10161-RBC

| | | |
|---|---|---|
| SCOTT McDONALD, | ) | |
|     Plaintiff | ) | |
| | ) | |
|        v. | ) | |
| | ) | |
| S.G. MARINO CRANE SERVICE | ) | **AMENDED COMPLAINT** |
| CORPORATION, WASHINGTON | ) | |
| GROUP INTERNATIONAL, INC., | ) | **JURY TRIAL DEMANDED** |
| DUKE/FLUOR DANIEL, and | ) | |
| RAYTHEON COMPANY, | ) | |
|     Defendants | ) | |
| | ) | |
|        v. | ) | |
| | ) | |
| DUKE/FLUOR DANIEL, and | ) | |
| RAYTHEON COMPANY, | ) | |
|     Third-Party Defendants | ) | |

**PARTIES**

1.    The plaintiff, Scott McDonald, is an individual residing in Rochester, State of New Hampshire.

2.    The defendant, S.G. Marino Crane Service Corporation ("Marino"), is a corporation duly organized under the laws of the State of Connecticut, having a principal place of business at 25 Mill Street, Middletown, Connecticut.

3.    The defendant, Washington Group International, Inc. ("WGI"), is a corporation duly organized under the laws of the State of Ohio, having a principal place of business at 720 Park Boulevard, Boise, State of Idaho.

4.    The defendant, Duke/Fluor Daniel ("D/FD"), is a general partnership, duly organized under the laws of the State of North Carolina, having a principal place of business at 400 South

Trynon Street, Charlotte, North Carolina.

5.    The defendant, Raytheon Company ("Raytheon"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts, having a principal place of business in Waltham, Middlesex County, Commonwealth of Massachusetts.

### FACTS COMMON TO ALL COUNTS

6.    At all times material, the plaintiff was employed by Alliance Security as a security guard at the Sithe Energies Project at the Fore River Power Plant in Weymouth, Norfolk County, Commonwealth of Massachusetts ("Sithe Project").

7.    At all times material, the defendants, WGI, D/FD, and Raytheon, were engaged in construction and engineering work at the Sithe Project.

8.    At all times material, the defendant Marino was engaged, *inter alia,* in the business of owning, renting and operating construction cranes.

9.    At all times material, the defendant Marino had rented a crane which it owned to the defendants, WGI, D/FD, and/or Raytheon, for use in the construction and engineering work in which said defendants were engaged at the Sithe Project.

10.    At all times material, the defendants Marino, WGI, D/FD, and Raytheon were responsible for safely using, operating, servicing, repairing and maintaining the crane which defendant Marino had rented to the defendants, WGI, D/FD, and/or Raytheon.

2

11.  On or about October 21, 2001, while the plaintiff was engaged in the performance of his duties as a security guard at the Sithe Project, in the exercise of due care, a sign bearing the logo of defendant Marino detached from the boom of a crane, fell approximately 100 feet to the ground, and struck the plaintiff in his head, neck and right shoulder, knocking him to the ground and causing him to sustain severe and permanent damages.

12.  The sign bearing the logo of defendant Marino detached from the boom of the crane, fell and injured the plaintiff as a direct and proximate result of the negligent failure of the defendants Marino, WGI, D/FD, and Raytheon to exercise reasonable care to safely attach the sign to the crane and to safely use, operate, service, repair and maintain the crane which defendant Marino had rented to the defendants, WGI, D/FD, and/or Raytheon, which had the effect of creating a dangerous and unsafe working condition for the plaintiff and for other workers at the Sithe Project.

13.  As a direct and proximate result of the negligence of the defendants Marino, WGI, D/FD, and Raytheon, the plaintiff suffered severe, permanent and disabling physical and emotional damages, which caused him to require reasonable and necessary hospital, medical and therapeutic care and treatment for which he incurred expenses, caused him to suffer lost earnings and lost

earning capacity, caused him to suffer the interruption of his family and personal relationships and his normal activities and engagements, and caused him to suffer loss of the pleasures and enjoyments of life.

### COUNT I:  NEGLIGENCE (MARINO)

14.  The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

15.  The defendant, S.G. Marino Crane Service Corporation, owed a duty of care to the plaintiff to exercise reasonable care and to take reasonable precautions in the rental of its crane to the other defendants; in the manner in which it supervised such rental; in the manner in which it attached the sign to the crane; in the manner in which it used, operated, serviced, repaired and maintained the crane; and in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants.

16.  The defendant, S.G. Marino Crane Service Corporation, breached the duty of care which it owed to the plaintiff by failing to exercise reasonable care and by failing to take reasonable precautions in the rental of its crane to the other defendants; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised such rental; by failing to exercise reasonable care

4

and by failing to take reasonable precautions in the manner in which it attached the sign to the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it used, operated, serviced, repaired and maintained the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants; and in other divers manners.

17.  As a direct and proximate result of the negligence of the defendant, S.G. Marino Crane Service Corporation, the plaintiff suffered the damages aforesaid.

### COUNT II:  NEGLIGENCE (WGI)

18.  The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

19.  The defendant, Washington Group International, Inc., owed a duty of care to the plaintiff to exercise reasonable care and to take reasonable precautions in the manner in which it attached the sign to the crane; in the manner in which it used, operated, serviced, repaired and maintained the crane; and in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants.

20.  The defendant, Washington Group International, Inc.,

5

breached the duty of care which it owed to the plaintiff by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it attached the sign to the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it used, operated, serviced, repaired and maintained the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants; and in other divers manners.

21.   As a direct and proximate result of the negligence of the defendant, Washington Group International, Inc., the plaintiff suffered the damages aforesaid.

### COUNT III:  NEGLIGENCE (D/FD)

22.   The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

23.   The defendant, Duke/Fluor Daniel, owed a duty of care to the plaintiff to exercise reasonable care and to take reasonable precautions in the manner in which it attached the sign to the crane; in the manner in which it used, operated, serviced, repaired and maintained the crane; and in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants.

24.   The defendant, Duke/Fluor Daniel, breached the duty of care which it owed to the plaintiff by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it attached the sign to the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it used, operated, serviced, repaired and maintained the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants; and in other divers manners.

25.   As a direct and proximate result of the negligence of the defendant, Duke/Fluor Daniel, the plaintiff suffered the damages aforesaid.

### COUNT IV:  NEGLIGENCE (RAYTHEON)

26.   The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

27.   The defendant, Raytheon Company, owed a duty of care to the plaintiff to exercise reasonable care and to take reasonable precautions in the manner in which it attached the sign to the crane; in the manner in which it used, operated, serviced, repaired and maintained the crane; and in the manner in which it supervised the use, operation, servicing, repair and maintenance

of the crane by the other defendants.

28.  The defendant, Raytheon Company, breached the duty of care which it owed to the plaintiff by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it attached the sign to the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it used, operated, serviced, repaired and maintained the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants; and in other divers manners.

29.  As a direct and proximate result of the negligence of the defendant, Raytheon Company, the plaintiff suffered the damages aforesaid.

## RELIEF SOUGHT

30.  WHEREFORE, the plaintiff respectfully demands judgment against the defendants, S.G. Marino Crane Service Corporation, Washington Group International, Inc., Duke/Fluor Daniel, and Raytheon Company, jointly and severally, in an amount to be determined by a jury, plus costs, interest, and such other and further relief as this Court deems equitable and just.

8

## JURY TRIAL DEMAND

THE PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL COUNTS OF HIS COMPLAINT.

Respectfully submitted,
The Plaintiff,
By his Attorney,


_____

MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA   02109-3504
(617) 227-1848
November 17, 2006

## CERTIFICATE OF SERVICE

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

Thomas M. Franco, Esquire
Long & Leahy
100 Summer Street
11th Floor
Boston, MA 02110;

Anthony M. Campo, Esquire
Michael P. Johnson, Esquire
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Suite 300
Boston, MA 02116; and

Andrew J. Tine, Esquire
Law Offices of Andrew J. Tine
345 Thames Street
Suite 301N
Bristol, RI   02809; and

Mr. William H. Swanson,
    President
Raytheon Company
780 Winter Street
Waltham, MA   02451


 /s/ Mark F. Itzkowitz
MARK F. ITZKOWITZ (BBO #248130)


Dated:  November 17, 2006

9