UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 05-10161-RBC

| | |
|---|---|
| SCOTT MCDONALD, | ) |
| Plaintiff, | ) |
| v. | ) |
| S.G. MARINO CRANE SERVICE CORPORATION and WASHINGTON GROUP INTERNATIONAL, INC., | ) |
| Defendants. | ) |
| S.G. MARINO CRANE SERVICE CORPORATION, | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| Duke/Fluor Daniel | ) |
| Defendant. | ) |

**THIRD PARTY DEFENDANT DUKE/FLUOR DANIEL'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Third Party Defendant Duke/Fluor Daniel ("DFD") hereby opposes Plaintiff's motion for leave to amend complaint to assert direct claims against Third Party Defendant Duke/Fluor Daniel and presumptive Third Party Defendant Raytheon Company.[1] In support of this opposition, DFD states as follows:

---

[1] Pending before the Court is DFD's Motion to Dismiss (Docket #28) and S.G. Marino Crane's Motion for Leave to File Amended Third Party Complaint (Docket #37) and DFD's Opposition thereto (Docket #40).

1

## FACTUAL BACKGROUND

Plaintiff claims to have been injured while working as a security guard on a construction project located in Weymouth, Massachusetts (the "Project"). Plaintiff asserts that on October 21, 2001, a sign bearing the logo of S.G. Marino Crane detached from a boom crane and fell approximately 100 feet striking Plaintiff in the neck/shoulder causing injury.

Raytheon Company was originally involved in this Project through one of its subsidiaries/affiliates, Raytheon Engineers & Constructors. Raytheon Engineers & Constructors ("REC") merged into and/or was purchased by Washington Group International, Inc., along with the construction of the Project. Raytheon Company allegedly guaranteed the performance of REC to construct the Project. Washington Group International, Inc. allegedly failed to perform on the Project and Raytheon Company brought in DFD to assist with the construction management. S.G. Marino Crane was a supplier of cranes used on the Project and possibly operators.

## PROCEDURAL STATUS

1)      Plaintiff commenced this lawsuit on October 20, 2004 by filing a complaint in Norfolk Superior Court, Civil Action No. 2004-01710. The tracking order issued by the State Court required that amendments to the pleadings occur by March 19, 2005, that discovery conclude by August 16, 2005, and that the case be disposed of by December 14, 2005.

2)      The matter was removed to this Court by Defendant Washington Group International, Inc. on or about January 28, 2005.

3) On February 21, 2006, this Court issued a Scheduling Order (the "First Scheduling Order") requiring among other things that, "Any amendments to pleadings shall be filed and served *on or before the close of business on Friday, May 5, 2006*."

4) On or about March 20, 2006, Defendant Washington Group International, Inc. ("WGI") served its Rule 26(a)(1) initial disclosures upon Plaintiff. As part of those initial disclosures, WGI included leases entered into between Marino Crane and "Fluor Daniel as Agents for Raytheon." These leases relate to the cranes being used on the subject construction Project.

5) On or about March 30, 2006, Defendant S. G. Marino Crane ("Marino Crane") served its Rule 26(a)(1) automatic disclosures upon Plaintiff. As part of those disclosures, Marino Crane produced a copy of the alleged lease relating to the specific crane involved in the injury of Plaintiff. The specific lease was allegedly entered into between Duke Fluor Daniel as Agent for Raytheon and Marino Crane on August 24, 2001.

6) On May 5, 2005, on the last day for service of amended pleadings pursuant to the First Scheduling Order, Defendant Marino Crane moved for leave to file a third party complaint against DFD. This Court granted the amendment on May 23, 2005. The amended complaint was filed on June 23, 2005. DFD was served on August 21, 2006 with the amended complaint and in response moved to dismiss same. Said motion to dismiss is pending before the Court.

7) On September 27, 2006, Plaintiff and Defendants filed a joint motion to extend the First Scheduling Order. On September 28, 2006, Third Party Defendant DFD

3

opposed the joint motion to extend the First Scheduling Order. On September 29, 2006, this Court allowed the motion to extend the First Scheduling Order.

8)   The amended scheduling order (the "Second Scheduling Order") required that written discovery be propounded by October 31, 2006 and that amendments to pleadings be filed and served by November 17, 2006.

9)   The Plaintiff first made Third Party Defendant DFD and presumptive Third Party Defendant Raytheon Company aware of his intent to bring clams directly against them on September 27, 2006 (See Docket #34, P. 3). On November 17, 2006, Plaintiff filed with this Court the subject motion for leave to amend complaint to bring direct claims against DFD and Raytheon Company.

10)   To date, DFD has not been served with any discovery. DFD has not propounded any written discovery given the uncertainty with regard to its status in this matter as a Third Party Defendant. Raytheon Company is not yet a party to this matter and has not participated in discovery in any way. Pursuant to the Second Scheduling Order, DFD and Raytheon Company would be precluded from participating in discovery.

## ARGUMENT

### *THE AMENDMENT SOUGHT IS UNTIMELY*

Plaintiff was clearly on notice from at least March 30, 2006, about five (5) weeks prior to the deadline to amend the pleadings under the First Scheduling Order, of DFD's and Raytheon Company's involvement in the leasing of the subject crane. In fact, Defendant Marino Crane sought leave to bring a third party action against DFD on May 5, 2006. Plaintiff, however, did not move until now to amend his complaint to bring direct claims against DFD. Although DFD was timely added to this action by Marino

Crane, the third party action against DFD should be dismissed because DFD was a disclosed agent of Raytheon Company and the subject lease agreement requires Marino Crane to bring its claim against DFD in Connecticut.

Now, on the last day to amend the pleadings pursuant to the Second Scheduling Order, over two (2) years after this lawsuit was initiated, Plaintiff seeks to bring for the first time direct claims against DFD and Raytheon Company. The court may justifiably refuse leave to amend on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993). There is no excuse for Plaintiff's failure to timely move to amend the complaint upon receiving copies of the lease agreements in March of 2006 from both WGI and Marino Crane through discovery.

Further, by waiting until November 17, 2006 to move for leave to amend, Plaintiff has allowed the extended period for discovery to lapse. DFD and Raytheon Company will be prejudiced by this late amendment by not having the opportunity to participate in discovery, unless there is further extension granted by the Court.

### THE AMENDMENT WOULD REQUIRE REMAND

Raytheon Company maintains its principal office at 870 Winter Street, Waltham, Massachusetts. Title 28 U.S.C. §1332 provides that a corporation is a citizen of both its state of incorporation and the state of its principal place of business for purposes of diversity of jurisdiction. Raytheon Company's principal place of business is its headquarters in Waltham, Massachusetts. See Exhibit A and B hereto. Raytheon Company's President, Chairman, CEO, Treasurer, Secretary and a number of Directors

are located in Massachusetts. See Exhibit A and B hereto. Massachusetts is Raytheon Company's principal place of business because it is its "nerve center." See J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401, 407 (5th Cir. 1987) *citing* Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D.N.Y. 1959).

Title 28 U.S.C. §1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court." The permissive language of §1447(e) makes clear that Congress granted the courts broad discretionary power to permit or deny joinder, even though the decision could divest the court of jurisdiction and force a remand to state court. See Kelley v. Vermont Mutual Insurance Company, 407 F.Supp.2d 301 (D.Mass. 2005). A court does not have the option to permit joinder of a nondiverse defendant and retain its jurisdiction over the case once diversity has been destroyed. See Casas Office Machines, Inc. v. .Mita Copystar America, Inc., 42 F.3d 668, 675 (1st Cir., 1994).

The primary focus under §1447(e) is whether permitting joinder will comport with the principles of fundamental fairness. See Briarpatch, Ltd., L.P. v. Pate, 81 F.Supp.2d 509, 515 (S.D.N.Y., 2000) *citing* to Wyant v. National R.R. Passenger Corp., 881 F. Supp. 919, 921 (S.D.N.Y., 1995). Factors considered relevant in determining "fundamental fairness" include the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. See Kelley v. Vermont Mutual Insurance Company, 407

F.Supp.2d 301 (D.Mass. 2005) *citing* <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir., 1987).

Plaintiff was dilatory in moving to bring this amendment, having been on notice since March of 2006 of DFD's and Raytheon Company's involvement with the subject Marino Crane lease. Plaintiff could have and should have moved to amend his complaint before the May 5, 2006 deadline imposed by the First Scheduling Order. Now, over two (2) years after this case was commenced, the matter is postured for the addition of new Defendants that will destroy diversity, require remand, and result in a new State Court tracking order, starting the case *ab initio*.

This Court should deny Plaintiff's leave to amend as a result of undue delay. DFD, as Third Party Defendant, should be dismissed as a result of its role as a disclosed agent of Raytheon Company and the forum selection clause of the lease. Raytheon Company may also rely upon the forum selection clause of Marino Crane's lease agreement, precluding a third party action against it in Massachusetts.

## CONCLUSION

Based on the foregoing, Third Party Defendant, Duke/Fluor Daniel, requests that this Honorable Court deny Plaintiff's motion for leave to amend complaint to assert direct claims against Third Party Defendant DFD and presumptive Third Party Defendant Raytheon Company.

Respectfully submitted this 27th day of November 2006.

Duke/Fluor Daniel
By its counsel,

_____
Andrew J. Tine
BBO#633639
Law Offices of Andrew J. Tine
345 Thames Street, 301N
Bristol, RI 02809
401-396-9002
atine@tinelaw.com

# EXHIBIT A

Case 1:05-cv-10161-RBC   Document 43   Filed 11/27/2006   Page 9 of 14

# Raytheon

* CONTACT US
* CONNECT W

HOME  ABOUT US  BUSINESSES  PRODUCTS & SERVICES  STRATEGIC BUSINESS AREAS  JOBS  INVESTOR RELATIONS  NEWS    RTN ~ 50.8

Home > About Us

- Annual Reports
- Backgrounder
- Community Involvement
- Corporate Governance
- Directions to Headquarters
- Diversity
- Ethics
- History
- Milestones
- Raytheon Six Sigma
- Raytheon's Vision, Strategy, Goals and Values
- Technology Innovation



■ ABOUT US

**Raytheon: Aspiring to be the most admired defense and aerospace systems supplier through world-class people and technology**

Raytheon is an industry leader in defense and government electronics, space, information technology, technical services, and business aviation and special mission aircraft.

**RAYTHEON AT A GLANCE**

- Chairman and CEO: William H. Swanson
- Headquarters: 870 Winter Street Waltham, MA 02451-1449
  The Waltham main switchboard number is 781.522.3000.
- 80,000 employees worldwide
- $21.9 billion in 2005 sales

> **Community Involvement**
Raytheon Company places the highest value on People, Integrity, Commitment and Excellence. (more)

> **Ethics**
We at Raytheon are proud of our reputation for excellence, a reputation based on our commitment to the highest ethical standards. (more)

> **Diversity**
Diversity is the centerpiece of our

> **Corporate Governance**
We strive for excellence in corporate governance and to reaffirm the principles that are the foundation of investor trust. (more)

> **Raytheon's Vision, Strategy, Goals and Values**
To be the most admired defense and aerospace systems supplier through world-class people and technology. (more)

**Download**

Strategic B

 PDF FORMAT

Raytheon A
Report

*We Are*
*Compa*

# EXHIBIT B



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

**RAYTHEON COMPANY** Summary Screen

Help with this form

Request a Certificate

| | |
|---|---|
| The exact name of the Foreign Corporation: | RAYTHEON COMPANY |
| The name was changed from: | HE HOLDINGS, INC. on 4/21/1998 |
| The name was changed from: | HUGHES AIRCRAFT COMPANY on 2/8/1996 |
| Entity Type: | Foreign Corporation |
| Identification Number: | 951778500 |
| Old Federal Employer Identification Number (Old FEIN): | |
| Date of Registration in Massachusetts: | Oct 22 1986 |
| The is organized under the laws of: | State: DE  Country: USA  on: Dec 17 1953 |
| Current Fiscal Month / Day: 12 / 31 | Previous Fiscal Month / Day: 01 / 01 |

**The location of its principal office:**
No. and Street: 870 WINTER STREET
City or Town: WALTHAM   State: MA   Zip: 02451   Country: USA

**The location of its Massachusetts office, if any:**
No. and Street: 870 WINTER STREET
City or Town: WALTHAM   State: MA   Zip: 02451   Country: USA

**Name and address of the Registered Agent:**
Name: C T CORPORATION SYSTEM
No. and Street: 101 FEDERAL STREET
City or Town: BOSTON   State: MA   Zip: 02110   Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| PRESIDENT | WILLIAM H. SWANSON | 870 WINTER STREET | Upon the election and qualification of successor |

| | | | |
|---|---|---|---|
| | | WALTHAM, MA 02451 USA | |
| TREASURER | RICHARD A. GOGLIA | 870 WINTER STREET<br>WALTHAM, MA 02451 USA | Upon the election and qualification of successor |
| SECRETARY | JOHN W. KAPPLES | 870 WINTER STREET<br>WALTHAM, MA 02451 USA | Upon the election and qualification of successor |
| VICE PRESIDENT | JOHN W. KAPPLES | 870 WINTER STREET<br>WALTHAM, MA 02451 USA | Upon the election and qualification of successor |
| ASSISTANT SECRETARY | BROOKE M. BARTLESON | 870 WINTER STREET<br>WALTHAM, MA 02451 USA | Upon removal or resignation |
| DIRECTOR | THOMAS E. EVERHART | 705 POINSETTIA WAY<br>SANTA BARBARA, CA 93111 USA | N/A |
| DIRECTOR | WILLIAM R. SPIVEY | 4792 GOLF COURSE DRIVE<br>WESTLAKE VILLAGE, CA 91362 USA | N/A |
| DIRECTOR | MICHAEL C. RUETTGERS | 176 SOUTH STREET<br>HOPKINTON, MA 01748 USA | N/A |
| DIRECTOR | RONALD L. SKATES | TEN POST OFFICE SQUARE<br>BOSTON, MA 02109 USA | N/A |
| DIRECTOR | JOHN H. TILELLI JR. | 1201 E. ABINGDON DR.<br>ALEXANDRIA, VA 22314 USA | N/A |
| DIRECTOR | WILLIAM H. SWANSON | 870 WINTER STREET<br>WALTHAM, MA 02451 USA | N/A |
| DIRECTOR | BARBARA M. BARRETT | 4617 EAST OCOTILLO RD.<br>PARADISE VALLEY, AZ 85253 USA | N/A |
| DIRECTOR | FERDINAND COLLOREDO-MANSFELD | ONE BEACON ST., 17TH FLOOR<br>BOSTON, MA 02108 USA | N/A |
| DIRECTOR | JOHN M. DEUTCH | 77 MASSACHUSETTS AVE.<br>CAMBRIDGE, MA 02139 USA | N/A |
| DIRECTOR | FREDERIC M. POSES | ONE CENTENNIAL AVE.<br>PISCATAWAY, NJ 08855 USA | N/A |
| DIRECTOR | WARREN B. RUDMAN | 1615 L STREET, NW | N/A |

| | | WASHINGTON, DC 20036 USA | |

| business entity stock is publicly traded: | X |

The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles of Organization or Amendments | | Total Issued and Outstanding Num of Shares |
|---|---|---|---|---|
| | | Num of Shares | Total Par Value | |
| PWP | $0.01000 | 200,000,000 | $2,000,000.00 | 0 |
| CWP | $0.01000 | 1,450,000,000 | $14,500,000.00 | 418,135,838 |

__ Consent __ Manufacturer __ Confidential Data __ Does Not Require Annual Report
__ Partnership __ Resident Agent __ For Profit __ Merger Allowed

Select a type of filing from below to view this business entity filings:
ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement

[ View Filings ]    [ New Search ]

Comments

© 2001 - 2006 Commonwealth of Massachusetts
All Rights Reserved

Help