UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10161-RBC

| | |
|---|---|
| SCOTT McDONALD, )<br>    Plaintiff )<br> )<br>    v. )<br> )<br>S.G. MARINO CRANE SERVICE )<br>CORPORATION, and WASHINGTON)<br>GROUP INTERNATIONAL, INC.,)<br>    Defendants )<br> )<br>    v. )<br> )<br>DUKE/FLUOR DANIEL, )<br>    Third-Party Defendant) | **PLAINTIFF'S MEMORANDUM IN REPLY**<br>**TO OPPOSITION OF THIRD-PARTY**<br>**DEFENDANT, DUKE/FLUOR DANIEL,**<br>**TO PLAINTIFF'S MOTION FOR**<br>**LEAVE TO AMEND COMPLAINT**<br>**TO ASSERT DIRECT CLAIMS AGAINST**<br>**THIRD-PARTY DEFENDANT AND**<br>**PRESUMPTIVE THIRD-PARTY DEFENDANT** |

## STATEMENT OF THE CASE

Scott McDonald, the plaintiff, files the instant Memorandum to reply to a particular argument regarding remand raised by the Third-Party Defendant, Duke/Fluor Daniel ("D/FD") in its opposition to Mr. McDonald's Motion for Leave to Amend his Complaint to Assert Direct Claims against D/FD and Raytheon Company. The majority of D/FD's arguments were addressed in Mr. McDonald's original Memorandum. Raytheon has not opposed Mr. McDonald's Motion.

D/FD correctly observes that Raytheon, the presumptive defendant against which Mr. McDonald seeks to add direct claims, is a Delaware corporation but has a principal place of business in Massachusetts, and pursuant to 28 U.S.C. §1332, therefore, holds citizenship in both Delaware and Massachusetts. D/FD also correctly directs this Court to the controlling decision

concerning whether the addition of Raytheon, which will necessitate remand, is permissible: *Kelley v. Vermont Mutual Insurance Company*, 407 F.Supp.2d 301, 309 (D.Mass. 2005) (Collings, M.J.). However, D/FD draws the incorrect conclusion as to the equities of allowing Mr. McDonald's Motion. For the following reasons, in accordance with *Kelley*, this Court should allow the plaintiff's Motion and should remand this case to the Massachusetts Superior Court.

## ARGUMENT

The governing statute, 28 U.S.C. §1447(e), grants this Court broad discretionary power to permit joinder even if doing so would divest the Court of jurisdiction and force remand to state court. *Kelley*, 407 F.Supp.2d at 305. The primary focus is equitable, and specifically "whether 'permitting joinder [under §1447(e)] will comport with principles of fundamental fairness.'" *Id.*, 407 F.Supp.2d at 305-06, *quoting Briarpatch Ltd., L.P. v. Pate*, 81 F.Supp.2d 509, 515 (S.D.N.Y. 2000). Four factors merit particular consideration: "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." *Kelley*, 407 F.Supp.2d at 306. Consideration of those factors should lead this Court to grant Mr. McDonald's Motion.

Although D/FD argues that Mr. McDonald has unduly delayed

filing his Motion, particularly with respect to the original Norfolk Superior Court Tracking Order, that Tracking Order was superceded when this case was removed to the District Court. Discovery was stayed in this Court for approximately one year until March, 2006, when this Court entered its first Scheduling Order. That Scheduling Order recently was amended after Mr. McDonald retained new counsel in September 2006. Under the current Scheduling Order, Mr. McDonald's Motion is timely. As pointed out in the plaintiff's Memorandum in Support of his Motion for Leave to Amend to Assert Direct Claims, amendment is only one of the methods by which Mr. McDonald may assert his direct claims against the third-party defendants under Fed. R. Civ. P. 14(a). Other methods lack time limits.

Moreover, unlike D/FD and the defendants, Mr. McDonald only learned of Raytheon's role in the Sithe Energy Project, at which the plaintiff was injured, through discovery in this action. Only recently did the plaintiff learn that all of the defendants and third-party defendants were engaged jointly in the project. To the contrary, D/FD and Raytheon knew or should have known of the circumstances which gave rise to Mr. McDonald's tort claim at the time that it accrued.

Mr. McDonald, by present counsel, has not delayed his efforts to assert direct claims against Raytheon or D/FD. Mr. McDonald filed the instant Motion within six weeks of defendant

3

Marino's motion to implead Raytheon and within two months of present counsel's entry into the case. "What the defendant seems to argue is that, in effect, any delay is suggestive of dilatory tactics. That contention alone is simply not convincing." Kelley, 407 F.Supp.2d at 308.

Second, D/FD fails to identify any prejudice that it would suffer from remand. Raytheon does not oppose Mr. McDonald's Motion, thereby conceding lack of prejudice. To the extent that D/FD complains that the time for discovery under the current Scheduling Order has expired because D/FD has chosen not to participate in discovery while its status remains undetermined and no party has served it with discovery for the same reason, remand would extend the time for D/FD to engage in discovery under a new Superior Court Tracking Order. As indicated in Mr. McDonald's original Memorandum, the opportunity to participate in and to "catch up" on discovery generally negates prejudice. Northbrook National Insurance Company v. J & R Vending Corporation, 167 F.R.D. 643, 649 (E.D.N.Y. 1996).

Third, the question of multiple litigation all but demands joinder even if it means remand. The statute of limitations expired on direct claims against Raytheon before Mr. McDonald learned of Raytheon's role in the Sithe Energy Project. Should this Court not join Raytheon, Mr. McDonald will not be able to pursue any claim against it no matter how extensive Raytheon's

involvement in the Sithe Energy Project or how clear its liability. To Mr. McDonald's great prejudice, the defendants and D/FD will be able to defend by pointing to Raytheon's "empty chair", a consideration which this Court termed "compelling" in *Kelley*, 407 F.Supp.2d at 309. If joined as a defendant, Mr. McDonald's claims against Raytheon and D/FD will relate back to the date of the filing of his original Complaint in the Superior Court. Under Massachusetts law, the expiration of a statute of limitations is reason for allowing a motion to amend a complaint rather than for denying it. M.G.L. c. 231, §51; *Bengar v. Clark Equipment Co.*, 24 Mass. App. Ct. 41, 46, 506 N.E.2d 147 (1987), *reversed on other grounds*, 401 Mass. 554, 517 N.E.2d 1286 (1988).

Finally, consideration of Mr. McDonald's reason for seeking to assert direct claims against the third-party defendants favors joinder. The plaintiff's concern is the prospect of the "empty chair" defense, a concern which will be exacerbated should D/FD and Raytheon appear at trial before the jury as third-party defendants without Mr. McDonald being able to pursue direct claims against them. At no time since this action was removed to this Court has Mr. McDonald made any effort to have the case remanded to state court. He made no such effort in his Motion for Leave to Amend. The issue only appeared when D/FD correctly brought it to the Court's and the parties' attention. There is no basis for D/FD to contend that Mr. McDonald's Motion has been

proffered solely or even primarily to defeat the jurisdiction of this Court.  "There simply is no factual predicate for finding an improper motive in this case or upon which to conclude that the decision to [assert direct claims against the third-party defendants] was a tactical maneuver deliberately orchestrated by [Mr. McDonald] to defeat federal jurisdiction after removal." <u>Kelley</u>, 407 F.Supp.2d at 307.

> [¶] Balancing all of these considerations, the equitable factors weigh in favor of allowing [Mr. McDonald's] motion to [assert direct claims against the third-party defendants].... [T]he timing alone is not sufficient to allow the Court to conclude that this was a dilatory tactic by [the plaintiff] for the sole purpose of divesting the Court of jurisdiction. [Mr. McDonald] will likely face significant prejudice if [his ability to assert direct claims against D/FD and Raytheon is denied].  Lastly, [D/FD] has failed to articulate any clear prejudice that it may suffer if forced to try this case in state court.

*Id.*, 407 F.Supp.2d at 310.

## **CONCLUSION**

For all of the above reasons, as well as for those set forth in Mr. McDonald's original Memorandum, the plaintiff respectfully requests this Court to grant him leave to amend his Complaint to assert direct claims against the third-party defendants, D/FD and Raytheon.

By his Attorney,

_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA  02109-3504
(617)  227-1848
December 7, 2006

**CERTIFICATE OF SERVICE**

    I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

Thomas M. Franco, Esquire
Long & Leahy
100 Summer Street
11th Floor
Boston, MA 02110;

Anthony M. Campo, Esquire
Michael P. Johnson, Esquire
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Suite 300
Boston, MA 02116; and

Andrew J. Tine, Esquire
Law Offices of Andrew J. Tine
345 Thames Street
Suite 301N
Bristol, RI  02809.

    /s/ Mark F. Itzkowitz
MARK F. ITZKOWITZ (BBO #248130)

Dated:  December 7, 2006