# United States District Court
# District of Massachusetts

SCOTT McDONALD,
    Plaintiff,

    v.                                             CIVIL ACTION NO. 05-10161-RBC

S.G. MARINO CRANE SERVICE
    CORPORATION,
WASHINGTON GROUP INTERNATIONAL, INC.,
    Defendants,

S.G. MARINO CRANE SERVICE
    CORPORATION,
        Third-Party Plaintiff,

    v.

DUKE/FLUOR DANIEL,
        Third-Party Defendant.

## *MEMORANDUM AND ORDER ON THIRD-PARTY DEFENDANT DUKE/FLUOR DANIEL'S MOTION TO DISMISS (#28)*

COLLINGS, U.S.M.J.

    As I indicated in the Electronic Order of January 22, 2007, the Court shall enforce the forum selection clause in the contract which reads as follows:

    14.    **Choice of Law**

>The parties agree that this Agreement is entered into in the State of Connecticut and that it shall be construed in accordance with the laws of Connecticut. Connecticut shall be the sole situs for any action commenced and Lessee hereby consents to jurisdiction of the courts of the State of Connecticut.

At a further hearing on January 31, 2007, the attorney for the third-party plaintiff argued that the forum selection clause only applied to the contract claim for indemnification and not for the tort claim of contribution. The Court took this argument under advisement.

After further study, the Court rejects the argument. First Circuit law is quite consistent on the issue. In the case of *Lambert v. Kysar,* 983 F.2d 1110 (1 Cir., 1993), the Court wrote that "[t]he better rule, we think, is that contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the parties." *Lambert,* 983 F.2d at 1121-2.

District Courts in the Circuit have followed this rule. *John Doe v. Seacamp Assoc., Inc.,* 276 F. Supp.2d 222, 227 (D. Mass., 2003) (*citing Lambert*); *Banco Popular de Puerto Rico v. Airborne Group PLC,* 882 F. Supp. 1212, 1217 (D.P.R.,

1995) (*citing Lambert*). There is no question that the indemnification and contribution claims brought against Duke/Fluor Daniel in the instant case involve "the same operative facts."

Accordingly, it is ORDERED that Third-Party Duke/Fluor Daniel's Motion to Dismiss (#28) be, and the same hereby is, ALLOWED. A Separate Judgment dismissing the Third-Party Complaint against Duke/Fluor Daniel shall issue at the appropriate time,[1] said dismissal being without prejudice to bringing the claims in a court of competent jurisdiction in the State of Connecticut.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

February 5, 2007.

---

[1] S. G. Marino Crane Service Corporation ("Marino") has also brought a motion for leave to implead a third-party defendant, i.e., Raytheon Company ("Raytheon"). Duke/Fluor Daniel opposes the motion on the ground that the forum selection clause renders the amendment futile. That may be so if Raytheon determines to rely on the forum selection clause. Since Raytheon has not opposed the motion for leave to implead it as a third-party defendant, the Court cannot be sure that Raytheon will rely on the clause. It is to be noted that Marino has waived the clause. The Court, therefore, shall allow the motion to implead Raytheon as a third-party defendant. If Raytheon thereafter responds by seeking a dismissal based on the forum selection clause, the motion will be allowed and a similar judgment will enter as to Marino's claims against Raytheon.