UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-10161-RBC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
SCOTT MCDONALD,

    Plaintiff,

V.


S.G. MARINO CRANE SERVICE
CORPORATION and WASHINGTON
GROUP INTERNATIONAL, INC.,

    Defendants,

V.


DUKE/FLUOR DANIEL
And RAYTHEON COMPANY
    Third Party Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT S.G. MARINO CRANE SERVICE CORPORATION'S AMENDED
THIRD PARTY COMPLAINT
(LEAVE TO FILE GRANTED ON FEBRUARY 5, 2007)**

    1.    The defendant, S.G. Marino Crane Service Corporation ("Marino"), is a Connecticut corporation with a principal place of business at 25 Mill Street, Middletown, CT.

    2.    The Third Party Defendant, Duke/Fluor Daniel ("D/FD") is, on information and belief, a joint venture or general partnership of Fluor Daniel Illinois Inc., a Delaware corporation and Duke Project Services, Inc. or its affiliates, a North Carolina corporation. D/FD has a principal place of business at 400 South Tryon Street, Charlotte, North Carolina.

    3.    Raytheon Company ("Raytheon") is, on information and belief, a Delaware corporation with a principal place of business in Waltham, Massachusetts.

4. The plaintiff has filed a Complaint against Marino, a copy of which is attached as Exhibit 1, alleging that on or about October 21, 2001, the plaintiff was injured while working as a security guard at a construction project known as the Sithe Energies Project in North Weymouth, MA ("the project"). The plaintiff alleges that he was injured when a sign that was negligently attached to a crane owned by Marino, fell and struck the plaintiff, causing the plaintiff to sustain injuries.

5. On information and belief D/FD and/or Raytheon was responsible for managing and coordinating construction on the project at the time of the alleged accident.

6. Marino leased the crane in question ("the crane") to D/FD "as agent for Raytheon" pursuant to a so-called "bare rental agreement" ("the agreement") dated August 24, 2001. Pursuant to the terms and conditions of the agreement, D/FD "as agent for Raytheon" agreed to maintain and repair the crane while it was located at the project.

7. Under the terms and conditions of the agreement, D/FD and/or Raytheon agreed to defend, hold harmless, and indemnify Marino from any "claim of injury… arising from or in connection with the use or operation of the equipment or otherwise in connection therewith from the time that the leased equipment leaves its point of origin until it is returned to Lessor [Marino]…"

8. The plaintiff's alleged injury arose from or in connection with the crane leased by Marino to D/FD.

9. D/FD and or Raytheon, its agents or employees, negligently operated, used, serviced, repaired or maintained the crane.

10. As a direct and proximate result of D/FD's and /or Raytheon's negligence, the sign located on the boom of the crane allegedly detached and fell, striking the plaintiff and causing him to sustain damages.

### I. Indemnity-D/FD

11. Marino repeats and re-alleges paragraph 1-10 of the Third Party Complaint and incorporates the same by reference as if expressly re-written herein.

12. According to the terms and conditions of the rental agreement for the crane, D/FD expressly or impliedly agreed to defend, indemnify, and hold harmless Marino in connection with the plaintiff's claim of injury.

13. As a result, D/FD is liable to Marino for indemnity, plus interest, attorneys' fees, and costs. WHEREFORE, Marino demands judgment for indemnity against D/FD, plus interest, attorneys' fees, and costs.

### II. Contribution-D/FD

14. Marino repeats and re-alleges paragraphs 1-13 of the Third Party Complaint and incorporates the same by reference as if expressly re-written herein.

15. If the plaintiff establishes that Marino is liable to the plaintiff as is alleged in the plaintiff's Complaint, which liability Marino expressly denies, then D/FD is jointly and severally liable in tort to the plaintiff as a result of D/FD's negligence in operating, using, maintaining, or repairing the crane.

16. As a result, D/FD is liable for contribution, pursuant to G. L. c. 231B, plus attorneys' fees, interest, and costs.

WHEREFORE, Marino demands judgment for contribution against D/FD, plus interest, attorneys' fees, and costs.

### III. Indemnity-RAYTHEON

17. Marino repeats and re-alleges paragraph 1-16 of the Third Party Complaint and incorporates the same by reference as if expressly re-written herein.

18. D/FD had authority to bind Raytheon to the terms and conditions of the agreement.

19. According to the terms and conditions of the rental agreement for the crane, Raytheon, individually or through its agent D/FD, expressly or impliedly agreed to defend, indemnify, and hold harmless Marino in connection with the plaintiff's claim of injury.

20. As a result, Raytheon is liable to Marino for indemnity, plus interest, attorneys' fees, and costs.

WHEREFORE, Marino demands judgment for indemnity against D/FD, plus interest, attorneys' fees, and costs.

### IV. Contribution-RAYTHEON

21. Marino repeats and re-alleges paragraphs 1-20 of the Third Party Complaint and incorporates the same by reference as if expressly re-written herein.

22. If the plaintiff establishes that Marino is liable to the plaintiff as is alleged in the plaintiff's Complaint, which liability Marino expressly denies, then Raytheon, either directly or vicariously through it agent D/FD, is jointly and severally liable in tort to the plaintiff as a result of Raytheon's and/or D/FD's negligence in operating, using, maintaining, or repairing the crane.

23. As a result, Raytheon is liable for contribution, pursuant to G. L. c. 231B, plus attorneys' fees, interest, and costs.

WHEREFORE, Marino demands judgment for contribution against Raytheon, plus interest, attorneys' fees, and costs.

Respectfully submitted,
S.G. Marino Crane Service Corporation
By its counsel,

_____
Thomas M. Franco
BBO# 550596
Long & Leahy
100 Summer Street, 11th Fl
Boston, MA 02110
617-439-4777

DATE: 3/6/07

I hereby certify that on March 6, 2007, a true copy of the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

**EXHIBIT 1**

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                SUPERIOR COURT
                                            DOCKET NO.:

SCOTT MCDONALD                    )
    Plaintiff                     )
                                  )         COMPLAINT AND
                                  )         JURY DEMAND
S. G. MARINO CRANE SERVICE        )
CORPORATION AND WASHINGTON        )
GROUP INTERNATIONAL, INC.,        )
    Defendants                    )

## PARTIES

1. The Plaintiff, Scott McDonald (hereinafter referred to as "McDonald") is a resident of Rochester, New Hampshire, and at all times material hereto was employed as a security guard for Alliance Security.

2. The Defendant, S.G. Marino Crane Service Corporation. (hereinafter referred to as "S.G. Marino) is a corporation duly organized and existing under the laws of the State of Connecticut with a usual place of business at 25 Mill Street, Middletown, Connecticut.

3. The Defendant, Washington Group International, Inc. (hereinafter referred to as "Washington Group") is a corporation duly organized and existing under the laws of the State of Ohio with a usual place of business at 720 Park Boulevard, Boise, Idaho.

## COUNT 1

4. On or about October 21, 2001, the plaintiff was working as a security guard for Alliance Security at the Sithe Energies Project in Weymouth, Massachusetts.

5. At that date and time plaintiff, in the course of his duties and in the exercise of due care, was struck in the head, neck and right shoulder area and knocked to the ground by a sign which fell approximately 100 feet from the boom of a crane which was owned by the defendant, S.G. Marino and leased by the defendant, S.G. Marino to the defendant, Washington Group.

6. The defendant, S.G. Marino, negligently and carelessly attached a sign to the boom of it's crane and negligently and carelessly maintained said boom and said sign, and as a result, said sign fell from the boom creating a dangerous and unsafe condition without any warning.

7. As a direct and proximate result of defendant, S.G. Marino's said negligence the plaintiff was seriously injured, suffered great pain of body and mind, suffered permanent and disabling injuries, was unable to perform his usual jobs and was obliged to expend monies for reasonable and necessary medical care and expenses.

Wherefore, plaintiff, Scott McDonald, demands that judgment be entered against Defendant, S. G. Marino Crane Service Corporation, in an amount that will fairly and adequately compensate for plaintiff's pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## COUNT II

8. The plaintiff hereby incorporates by reference paragraphs 1 through 5 of this Complaint.

9. The Defendant, Washington Group, negligently and carelessly attached a sign to the boom of it's leased crane and negligently and carelessly maintained said boom and said sign, and as a result, said sign fell from the boom creating a dangerous and unsafe condition without any warning.

10. As a direct and proximate result of defendant, Washington Group's said negligence the plaintiff was seriously injured, suffered great pain of body and mind, suffered permanent and disabling injuries, was unable to perform his usual jobs and was obliged to expend monies for reasonable and necessary medical care and expenses.

Wherefore, Plaintiff, Scott McDonald, demands that judgment be entered against Defendant, Washington Group International, Inc., in an amount that will fairly and adequately compensate for plaintiff's pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised in this Complaint.

For the Plaintiff
By his attorney,

George F. Miller, Esq.
Law Office of George F. Miller, P.C.
53 South Main Street
Randolph, MA 02368
(781) 986-0069
BBO #: 555163

Dated: October 18, 2004