# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 05-10161-RBC

| | |
|---|---|
| SCOTT MCDONALD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| S.G. MARINO CRANE SERVICE | ) |
| CORPORATION and WASHINGTON | ) |
| GROUP INTERNATIONAL, INC., | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| S.G. MARINO CRANE SERVICE | ) |
| CORPORATION, | ) |
| | ) |
|     Third Party Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| DUKE/FLUOR DANIEL and RAYTHEON | ) |
| COMPANY, | ) |
| | ) |
|     Third Party Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY DEFENDANT RAYTHEON COMPANY'S MOTION TO DISMISS THE AMENDED THIRD PARTY COMPLAINT

Raytheon Company (hereinafter "Raytheon") hereby moves pursuant to F.R.C.P. 12(b) 3 and 6 for dismissal of the Amended Third Party Complaint of S.G. Marino Crane Service Corporation.

1

## FACTUAL BACKGROUND

Plaintiff claims to have been injured while working as a security guard on a construction project located in Weymouth, Massachusetts (the "Project"). Plaintiff asserts that on October 21, 2001, a sign bearing the logo of S.G. Marino Crane detached from a boom crane and fell approximately 100 feet striking Plaintiff in the neck/shoulder causing injury.

Raytheon Company was originally involved in this Project through one of its subsidiaries/affiliates, Raytheon Engineers & Constructors. Raytheon Engineers & Constructors ("REC") merged into and/or was purchased by Washington Group International, Inc., along with the construction of the Project. Raytheon Company allegedly guaranteed the performance of REC to construct the Project. Washington Group International, Inc. allegedly failed to perform on the Project and Raytheon Company brought in Duke/Fluor Daniel ("DFD") to assist with the construction management. S.G. Marino Crane was a supplier of cranes used on the Project and possibly operators.

## PROCEDURAL STATUS

On February 5, 2007, this Court entered an Order (Docket Entry #46) granting DFD's Motion to Dismiss the claims brought by S.G. Marino Crane against it. Raytheon hereby relies upon the forum selection clause, as relied upon by DFD, in seeking dismissal of S.G. Marino Crane's claims against it. Raytheon makes note that this Court has indicated in its footnote of the February 5, 2007 Order that should Raytheon seek dismissal based on the forum selection clause, that the dismissal will be allowed based upon such clause.

**ARGUMENT**

***THE FORUM SELECTION CLAUSE IS ENFORCEABLE***

The subject lease agreement states as follows:

> 14. Choice of Law:
> The parties agree that this Agreement is entered into
> in the State of Connecticut and that it shall be
> construed in accordance with the laws of the State
> of Connecticut.  Connecticut shall be the sole situs
> for any action commenced and Lessee hereby
> consents to jurisdiction of the courts of the State of
> Connecticut.

"Federal law dictates that a court should enforce a forum selection clause in a contract unless the objecting party can 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" R.W. Granger & Sons, Inc. v. Rojac Company, Inc., 885 F.Supp. 319, 321 (1995), *citing* The Bremen v. Zapata Off Shore Co., 407 U.S. 1, 15 (1972).  "The standard in this Circuit for establishing that a forum selection cause is unreasonable requires that a resisting party must present evidence of fraud, undue influence, overwhelming bargaining power or such serious inconvenience in litigating in the selected forum that it is effectively deprived of its day in court." Hailer v. Lemar Laboratories, 1983 U.S. Dist. LEXIS 13433, *citing* The Bremen at 12-19.  "The burden of resisting the forum selection clause is a heavy one." Alan Nisselson v. Lernout, et al., 2004 U.S. Dist. LEXIS 13648 *citing* Doe v. Seacamp Ass'n., Inc., 276 F. Supp.2d 222, 225 (D.Mass. 2003).

The lease agreement being enforced is S.G. Marino Crane's form of agreement. S.G. Marino Crane imposed Connecticut as its choice of forum because its principal

3

offices are in Connecticut.  S.G. Marino Crane cannot now argue that it was forced to include this provision in its agreement, that it lacked bargaining power or that it would be unjust to enforce its own form of agreement.

The contract related tort claims and contract claims are subject to the forum selection clause and both must be dismissed.  See Lambert V. Kysar, 938 F.2d 1110, 1121-2 (1st Cir., 1993).  District Courts in the Circuit have followed this rule.  John Doe v. Seacamp Assoc., Inc., 276 F.Supp.2d 222, 227 (D.Mass., 2003).  As such, S.G. Marino Crane's contribution and indemnity claims against Raytheon should be dismissed.

### ADDING RAYTHEON REQUIRES REMAND

Raytheon Company maintains its principal office at 870 Winter Street, Waltham, Massachusetts.  Title 28 U.S.C. §1332 provides that a corporation is a citizen of both its state of incorporation and the state of its principal place of business for purposes of diversity of jurisdiction.  Raytheon Company's principal place of business is its headquarters in Waltham, Massachusetts.  Raytheon Company's President, Chairman, CEO, Treasurer, Secretary and a number of Directors are located in Massachusetts.  Massachusetts is Raytheon Company's principal place of business because it is its "nerve center."  See J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401, 407 (5th Cir. 1987) citing Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D.N.Y. 1959).

Title 28 U.S.C. §1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court."  The permissive language of §1447(e) makes clear that Congress granted the courts broad discretionary power to permit or deny joinder, even though the decision could divest the

court of jurisdiction and force a remand to state court.  See Kelley v. Vermont Mutual Insurance Company, 407 F.Supp.2d 301 (D.Mass. 2005).  A court does not have the option to permit joinder of a nondiverse defendant and retain its jurisdiction over the case once diversity has been destroyed.  See Casas Office Machines, Inc. v. .Mita Copystar America, Inc., 42 F.3d 668, 675 (1st Cir., 1994).

The primary focus under §1447(e) is whether permitting joinder will comport with the principles of fundamental fairness.  See Briarpatch, Ltd., L.P. v. Pate, 81 F.Supp.2d 509, 515 (S.D.N.Y., 2000) citing to Wyant v. National R.R. Passenger Corp., 881 F. Supp. 919, 921 (S.D.N.Y., 1995).  Factors considered relevant in determining "fundamental fairness" include the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.  See Kelley v. Vermont Mutual Insurance Company, 407 F.Supp.2d 301 (D.Mass. 2005) citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir., 1987).

If Raytheon is added as a party, this matter must be remanded to State Court.

## CONCLUSION

Based on the foregoing, Third Party Defendant, Raytheon Company, requests that this Honorable Court grant its Motion to Dismiss the Third Party Complaint.

Respectfully submitted this 6th day of March 2007.

Raytheon Company
By its counsel,

Andrew J. Tine
BBO#633639
Law Offices of Andrew J. Tine
345 Thames Street, 301N
Bristol, RI 02809
401-396-9002
atine@tinelaw.com