UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-10161-RBC

| | | |
|---|---|---|
| SCOTT McDONALD, | ) | |
|     Plaintiff | ) | |
| | ) | |
|        v. | ) | |
| | ) | |
| S.G. MARINO CRANE SERVICE | ) | **AMENDED COMPLAINT** |
| CORPORATION, WASHINGTON | ) | |
| GROUP INTERNATIONAL, INC., | ) | **JURY TRIAL DEMANDED** |
| DUKE/FLUOR DANIEL, and | ) | |
| RAYTHEON COMPANY, | ) | **(LEAVE TO FILE ALLOWED:** |
|     Defendants | ) | **MARCH 30, 2007)** |
| | ) | |
|        v. | ) | |
| | ) | |
| DUKE/FLUOR DANIEL, and | ) | |
| RAYTHEON COMPANY, | ) | |
|     Third-Party Defendants | ) | |

**PARTIES**

1.    The plaintiff, Scott McDonald, is an individual residing in Rochester, State of New Hampshire.

2.    The defendant, S.G. Marino Crane Service Corporation ("Marino"), is a corporation duly organized under the laws of the State of Connecticut, having a principal place of business at 25 Mill Street, Middletown, Connecticut.

3.    The defendant, Washington Group International, Inc. ("WGI"), is a corporation duly organized under the laws of the State of Ohio, having a principal place of business at 720 Park Boulevard, Boise, State of Idaho.

4.    The defendant, Duke/Fluor Daniel ("D/FD"), is a general partnership, duly organized under the laws of the State of North

Carolina, having a principal place of business at 400 South
Trynon Street, Charlotte, North Carolina.

　　　5.　　The defendant, Raytheon Company ("Raytheon"), is a
corporation duly organized under the laws of the Commonwealth of
Massachusetts, having a principal place of business in Waltham,
Middlesex County, Commonwealth of Massachusetts.

### FACTS COMMON TO ALL COUNTS

　　　6.　　At all times material, the plaintiff was employed by
Alliance Security as a security guard at the Sithe Energies
Project at the Fore River Power Plant in Weymouth, Norfolk
County, Commonwealth of Massachusetts ("Sithe Project").

　　　7.　　At all times material, the defendants, WGI, D/FD, and
Raytheon, were engaged in construction and engineering work at
the Sithe Project.

　　　8.　　At all times material, the defendant Marino was
engaged, *inter alia,* in the business of owning, renting and
operating construction cranes.

　　　9.　　At all times material, the defendant Marino had rented
a crane which it owned to the defendants, WGI, D/FD, and/or
Raytheon, for use in the construction and engineering work in
which said defendants were engaged at the Sithe Project.

　　　10.　　At all times material, the defendants Marino, WGI,
D/FD, and Raytheon were responsible for safely using, operating,
servicing, repairing and maintaining the crane which defendant

Marino had rented to the defendants, WGI, D/FD, and/or Raytheon.

11.  On or about October 21, 2001, while the plaintiff was engaged in the performance of his duties as a security guard at the Sithe Project, in the exercise of due care, a sign bearing the logo of defendant Marino detached from the boom of a crane, fell approximately 100 feet to the ground, and struck the plaintiff in his head, neck and right shoulder, knocking him to the ground and causing him to sustain severe and permanent damages.

12.  The sign bearing the logo of defendant Marino detached from the boom of the crane, fell and injured the plaintiff as a direct and proximate result of the negligent failure of the defendants Marino, WGI, D/FD, and Raytheon to exercise reasonable care to safely attach the sign to the crane and to safely use, operate, service, repair and maintain the crane which defendant Marino had rented to the defendants, WGI, D/FD, and/or Raytheon, which had the effect of creating a dangerous and unsafe working condition for the plaintiff and for other workers at the Sithe Project.

13.  As a direct and proximate result of the negligence of the defendants Marino, WGI, D/FD, and Raytheon, the plaintiff suffered severe, permanent and disabling physical and emotional damages, which caused him to require reasonable and necessary hospital, medical and therapeutic care and treatment for which he

3

incurred expenses, caused him to suffer lost earnings and lost earning capacity, caused him to suffer the interruption of his family and personal relationships and his normal activities and engagements, and caused him to suffer loss of the pleasures and enjoyments of life.

### COUNT I:  NEGLIGENCE (MARINO)

14.  The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

15.  The defendant, S.G. Marino Crane Service Corporation, owed a duty of care to the plaintiff to exercise reasonable care and to take reasonable precautions in the rental of its crane to the other defendants; in the manner in which it supervised such rental; in the manner in which it attached the sign to the crane; in the manner in which it used, operated, serviced, repaired and maintained the crane; and in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants.

16.  The defendant, S.G. Marino Crane Service Corporation, breached the duty of care which it owed to the plaintiff by failing to exercise reasonable care and by failing to take reasonable precautions in the rental of its crane to the other defendants; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it

4

supervised such rental; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it attached the sign to the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it used, operated, serviced, repaired and maintained the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants; and in other divers manners.

17.    As a direct and proximate result of the negligence of the defendant, S.G. Marino Crane Service Corporation, the plaintiff suffered the damages aforesaid.

<u>COUNT II:  NEGLIGENCE (WGI)</u>

18.    The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

19.    The defendant, Washington Group International, Inc., owed a duty of care to the plaintiff to exercise reasonable care and to take reasonable precautions in the manner in which it attached the sign to the crane; in the manner in which it used, operated, serviced, repaired and maintained the crane; and in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants.

20.  The defendant, Washington Group International, Inc., breached the duty of care which it owed to the plaintiff by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it attached the sign to the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it used, operated, serviced, repaired and maintained the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants; and in other divers manners.

21.  As a direct and proximate result of the negligence of the defendant, Washington Group International, Inc., the plaintiff suffered the damages aforesaid.

### COUNT III:  NEGLIGENCE (D/FD)

22.  The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

23.  The defendant, Duke/Fluor Daniel, owed a duty of care to the plaintiff to exercise reasonable care and to take reasonable precautions in the manner in which it attached the sign to the crane; in the manner in which it used, operated, serviced, repaired and maintained the crane; and in the manner in which it supervised the use, operation, servicing, repair and

6

maintenance of the crane by the other defendants.

24.  The defendant, Duke/Fluor Daniel, breached the duty of care which it owed to the plaintiff by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it attached the sign to the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it used, operated, serviced, repaired and maintained the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants; and in other divers manners.

25.  As a direct and proximate result of the negligence of the defendant, Duke/Fluor Daniel, the plaintiff suffered the damages aforesaid.

<u>COUNT IV:  NEGLIGENCE (RAYTHEON)</u>

26.  The plaintiff adopts, repeats, realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

27.  The defendant, Raytheon Company, owed a duty of care to the plaintiff to exercise reasonable care and to take reasonable precautions in the manner in which it attached the sign to the crane; in the manner in which it used, operated, serviced, repaired and maintained the crane; and in the manner in which it

supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants.

28.  The defendant, Raytheon Company, breached the duty of care which it owed to the plaintiff by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it attached the sign to the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it used, operated, serviced, repaired and maintained the crane; by failing to exercise reasonable care and by failing to take reasonable precautions in the manner in which it supervised the use, operation, servicing, repair and maintenance of the crane by the other defendants; and in other divers manners.

29.  As a direct and proximate result of the negligence of the defendant, Raytheon Company, the plaintiff suffered the damages aforesaid.

## **RELIEF SOUGHT**

30.  WHEREFORE, the plaintiff respectfully demands judgment against the defendants, S.G. Marino Crane Service Corporation, Washington Group International, Inc., Duke/Fluor Daniel, and Raytheon Company, jointly and severally, in an amount to be determined by a jury, plus costs, interest, and such other and further relief as this Court deems equitable and just.

### JURY TRIAL DEMAND

THE PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL COUNTS OF HIS COMPLAINT.

<div style="margin-left: 40%">

Respectfully submitted,
The Plaintiff,
By his Attorney,


_____
MARK F. ITZKOWITZ (BBO #248130)
85 Devonshire Street
Suite 1000
Boston, MA   02109-3504
(617) 227-1848
March 30, 2007 (November 17, 2006)

</div>

### CERTIFICATE OF SERVICE

I, Mark F. Itzkowitz, counsel for the plaintiff, hereby certify that on this date, I made service of the within document by serving it electronically to registered ECF participants and/or by mailing/faxing/hand-delivering a copy of same to non-registered ECF participants as indicated on the Notice of Electronic Filing ("NEF"), upon the following counsel of record:

| | |
|---|---|
| Thomas M. Franco, Esquire<br>Long & Leahy<br>100 Summer Street<br>11th Floor<br>Boston, MA 02110; | Anthony M. Campo, Esquire<br>Michael P. Johnson, Esquire<br>Boyle, Morrissey & Campo, P.C.<br>25 Stuart Street<br>Suite 300<br>Boston, MA 02116; and |
| Andrew J. Tine, Esquire<br>Law Offices of Andrew J. Tine<br>345 Thames Street<br>Suite 301N<br>Bristol, RI   02809; and | Mr. William H. Swanson,<br>    President<br>Raytheon Company<br>780 Winter Street<br>Waltham, MA   02451 |

<div style="margin-left: 40%">

 /s/ Mark F. Itzkowitz
MARK F. ITZKOWITZ (BBO #248130)

</div>

Dated:  March 30, 2007 (November 17, 2006)