UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-CV10161-NG

```
_____
SCOTT MCDONALD                    )
     Plaintiff                    )
                                  )
v.                                )
                                  )
S.G. MARINO CRANE SERVICE         )
CORPORATION, WASHINGTON GROUP     )
INTERNATIONAL, INC., DUKE/FLUOR   )
DANIEL and RAYTHEON COMPANY,      )
     Defendants                   )
                                  )
v.                                )
                                  )
DUKE/FLUOR DANIEL and             )
RAYTHEON COMPANY,                 )
     Third-Party Defendants       )
_____)
```

**ANSWER OF THE DEFENDANT, WASHINGTON GROUP INTERNATIONAL, INC., TO THE AMENDED COMPLAINT OF THE PLAINTIFF**

FIRST DEFENSE

The Defendant, Washington Group International, Inc., (hereinafter "WGI") answers the separately numbered paragraphs of the Amended Complaint as follows:

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant denies the allegations contained in this paragraph.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FACTS COMMON TO ALL COUNTS

6. The defendant denies the allegations contained in this paragraph.

7. The defendant denies the allegations contained in this paragraph.

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. The defendant denies the allegations contained in this paragraph.

12. The defendant denies the allegations contained in this paragraph.

13. The defendant denies the allegations contained in this paragraph.

## COUNT I – NEGLIGENCE (MARINO)

14. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the

extent that they do state a claim against the defendant, they are hereby expressly denied.

15. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

16. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

17. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

### COUNT II:  NEGLIGENCE (WGI)

18. The defendant's answers to paragraphs 1 through 17 are repeated, reasserted and incorporated herein by reference.

19. The defendant denies the allegations contained in this paragraph.

20. The defendant denies the allegations contained in this paragraph.

21. The defendant denies the allegations contained in this paragraph.

### COUNT III: NEGLIGENCE (D/FD)

22. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

23. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

24. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

25. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

### COUNT IV – NEGLIGENCE (RAYTHEON)

26. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

27. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

28. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

29. The defendant, WGI, makes no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendant, WGI. To the extent that they do state a claim against the defendant, they are hereby expressly denied.

## RELIEF SOUGHT

30. The defendant denies the allegations contained in this paragraph.

## SECOND DEFENSE

This action is barred by operation of the applicable statute of limitations.

## THIRD DEFENSE

This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

## FOURTH DEFENSE

The plaintiff was more than 50% at fault in causing the alleged injuries and, therefore, is barred from recovery by

the comparative negligence statute, G.L. c. 231, sec. 85.

### FIFTH DEFENSE

If the plaintiff is entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

### SIXTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

### SEVENTH DEFENSE

The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### EIGHTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

### NINTH DEFENSE

The plaintiff has failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiff's Complaint; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

### TENTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee

of the defendant and for whose acts or omissions the defendant is not legally responsible.

### ELEVENTH DEFENSE

This action is barred by the provisions of the Workers' Compensation statute, G.L. c. 152.

### TWELFTH DEFENSE

This court lacks jurisdiction over the subject matter of the Complaint and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(1).

This court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(2).

THE DEFENDANT DEMANDS A TRIAL BY JURY.

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

Date: 4-5/07

THE DEFENDANT,
WASHINGTON GROUP INTERNATIONAL, INC.,
BY ITS ATTORNEY,

_____
Anthony M. Campo, BBO# 552093
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a) and/or Sup. Ct. R. 9A, I, Michael P. Johnson, Esq., do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

Counsel for the Plaintiff

Mark F. Itzkowitz, Esq.
85 Devonshire Street, Suite 1000
Boston, MA 02109-3504

Counsel for S.G. Marino Crane Service Corporation

Thomas Franco, Esq.
Long & Leahy
100 Summer Street
Boston, MA 02110

Counsel for Duke Fluor

Andrew J. Tine, Esquire
Law Offices of Andrew J. Tine
345 Thames Street, Suite 301N
Bristol, Rhode Island 02809

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5th DAY OF April, 20 07.

Michael P. Johnson, BBO# 641827
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775