UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 05-10161-RBC

| | |
|---|---|
| SCOTT MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| S.G. MARINO CRANE SERVICE | ) |
| CORPORATION, WASHINGTON | ) |
| GROUP INTERNATIONAL, INC., | ) |
| and RAYTHEON COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANT RAYTHEON COMPANY'S ANSWER

NOW COMES Defendant, Raytheon Company, and answers the Amended Complaint dated March 30, 2007 as follows:

1.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.   Admit.

6.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

1

7. Denied.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. The defendant adopts, repeats, restates and incorporates by reference the responses set forth in the preceding paragraphs as though they were fully set forth herein.

15. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant, Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

16. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant, Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

17. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant, Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

18. The defendant adopts, repeats, restates and incorporates by reference the responses set forth in the preceding paragraphs as though they were fully set forth herein.

19. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant, Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

20. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant, Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

21. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant, Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

22. The defendant adopts, repeats, restates and incorporates by reference the responses set forth in the preceding paragraphs as though they were fully set forth herein.

23. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant, Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

24. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant,

Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

25. The defendant, Raytheon Company, makes no answer to the allegations contained in this paragraph as it does not purport to state a claim against the defendant, Raytheon Company. To the extent that it does allege a claim against the defendant, it is hereby expressly denied.

26. The defendant adopts, repeats, restates and incorporates by reference the responses set forth in the preceding paragraphs as though they were fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

1. This action is barred by operation of the applicable statute of limitations.

2. This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

3. The plaintiff was more than 50% at fault in causing the alleged injuries and, therefore, is barred from recovery by the comparative negligence statute, G.L. c. 231, sec. 85.

4. If the plaintiff is entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, sec. 85, since the comparative negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

5. The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

6. The Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficiency of service of process.

7. The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

8. The plaintiff has failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiff's Complaint; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

9. The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant and for whose acts or omissions the defendant is not legally responsible.

10. This action is barred by the provisions of the Workers' Compensation statute, G.L. c. 152.

11. This Court lacks jurisdiction over the subject matter of the Complaint and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(1).

12. This Court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed pursuant to Mass. R. Civ. P. 12(b)(2).

13. Diversity has been destroyed by the addition of Raytheon Company and as a result remand to State Court is required.

WHEREFORE, the Defendant demands that this action be dismissed and that judgment enter in the Defendant's favor together with costs.

Raytheon Company
By its counsel,

Andrew J. Tine
BBO#633639
Law Offices of Andrew J. Tine
251 Thames Street
Bristol, RI 02809
401-396-9002
atine@tinelaw.com