# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.: 05-10161-RBC

|  |  |
|---|---|
| SCOTT MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| S.G. MARINO CRANE SERVICE | ) |
| CORPORATION, WASHINGTON | ) |
| GROUP INTERNATIONAL, INC., | ) |
| and RAYTHEON COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RAYTHEON COMPANY'S MOTION FOR REMAND

Raytheon Company (hereinafter "Raytheon") hereby moves for remand of this action to State Court because the addition of Raytheon to this matter as a party defendant destroys diversity, the basis of removal of this action.

### FACTUAL BACKGROUND

Plaintiff claims to have been injured while working as a security guard on a construction project located in Weymouth, Massachusetts (the "Project"). Plaintiff asserts that on October 21, 2001, a sign bearing the logo of S.G. Marino Crane detached from a boom crane and fell approximately 100 feet striking Plaintiff in the neck/shoulder causing injury.

Raytheon Company was originally involved in this Project through one of its subsidiaries/affiliates, Raytheon Engineers & Constructors. Raytheon Engineers & Constructors ("REC") merged into and/or was purchased by Washington Group

1

International, Inc., along with the construction of the Project. Raytheon Company allegedly guaranteed the performance of REC to construct the Project. Washington Group International, Inc. allegedly failed to perform on the Project and Raytheon Company brought in Duke/Fluor Daniel ("DFD") to assist with the construction management. S.G. Marino Crane was a supplier of cranes used on the Project and possibly operators.

## ARGUMENT

Raytheon Company maintains its principal office at 870 Winter Street, Waltham, Massachusetts. Title 28 U.S.C. §1332 provides that a corporation is a citizen of both its state of incorporation and the state of its principal place of business for purposes of diversity of jurisdiction. Raytheon Company's principal place of business is its headquarters in Waltham, Massachusetts. Raytheon Company's President, Chairman, CEO, Treasurer, Secretary and a number of Directors are located in Massachusetts. Massachusetts is Raytheon Company's principal place of business because it is its "nerve center." See J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401, 407 (5th Cir. 1987) citing Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D.N.Y. 1959).

Title 28 U.S.C. §1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court." The permissive language of §1447(e) makes clear that Congress granted the courts broad discretionary power to permit or deny joinder, even though the decision could divest the court of jurisdiction and force a remand to state court. See Kelley v. Vermont Mutual Insurance Company, 407 F.Supp.2d 301 (D.Mass. 2005). A court does not have the

option to permit joinder of a nondiverse defendant and retain its jurisdiction over the case once diversity has been destroyed. See Casas Office Machines, Inc. v. .Mita Copystar America, Inc., 42 F.3d 668, 675 (1st Cir., 1994).

Since this Court has already allowed Plaintiff's motion to add Raytheon as a party defendant, remand must follow.

## CONCLUSION

Based on the foregoing, Defendant, Raytheon Company, requests that this Honorable Court remand this matter to State Court.

Respectfully submitted this 29th day of June 2007.

Raytheon Company
By its counsel,

Andrew J. Tine
BBO#633639
Law Offices of Andrew J. Tine
251 Thames Street
Bristol, RI 02809
401-396-9002
atine@tinelaw.com

3